*54
 
 Tayloíi, Chief-Justice,
 

 afterwards delivered the opinio» of the Court:
 

 The legality of the judgment in this case depends upon the construction of the act of Assembly 1816, c. 20; the object of which was to change the punishment of grand larceny and manslaughter. The former punishment was burning in the hand, a relick of ancient barbarism, of little effect in the way of reforming the culprit, or of example to the spectators. It seemed very absurd, too, that a person, convicted of petit larceny, should suffer whipping oh the bare back, when, if the property stolen was over the value of a shilling, the convict could only be burnt in the hand.
 

 The general rule of the Common Law was, that the punishment of all infamous crimes should be disgraceful— as the pillory for every species of
 
 crimen falsi,
 
 as forgery, perjury, and other offences of the same kind. Whipping ■was more peculiarly appropriated to petit larceny, and to crimes which betray a meanness of disposition, and a deep taint of moral depravity. Lord Coke advises all Judges and Magistrates to be very careful how they indict the pillory on common misdemeanors, and to reserve it only for the more heinous offences — 3 íñst. 219; which is a proper caution, when the effect of disgrace on the character is considered, and how much it tends to make a man throw off,all moral restraints. The rule of confining infamous punishments to infamous crimes was so generally observed, that the crime and punishment became associated in the mind, and it was formerly thought that the latter, and not the former, disqualified the party as a witness.
 
 *
 
 Though the Law is now settled on better principles, yet it-is nevertheless true, that public corporal punishment for any offence impresses an indelible stigma on the character, and ought to be inflicted on those offences only wfiich are infamous in their nature. It seems to be altogether misapplied to manslaughter, even the highest grade. of
 
 *55
 
 which the law regards as the effect of human frailty $ and it certainly has been, ansi may be again, committed by men, whom neither cupidity nor revenge could prompt to the commission of a base or dishonorable action. The best of men may be overcome by momentary anger, and incited, by strong provocation, to an act of violence before ilie judgment lias time to parley with itself.
 

 If it be said, that the Court will not direct the punishment, but in cases where it is justly merited, the answer is, it is too great a power to be confided to the discretion of any Court, to determine whether a man shall be consigned to infamy or not. It is repugnant to the whole genius and spirit of our law, in which there is no example of a Court being empowered to decide whether whipping shall be inflicted or not, where the crime is not in its nature Infamous. A Court may, in the discretion of the Judge, adapt the degree of whipping to tlse crime, but the law must have previously designated that species of punishment. And wherever the law Isas already determined and fixed the nature of the punishment, its duration and quantity must, of necessity, depend on the discretion of the Court, guided by the circumstances of the case.
 

 The words of this act of Assembly may be well satis-fled by referring the punishment of whipping to those crimes, with which our feelings and moral sense have been accustomed to connect
 
 it;
 
 and cannot, without violating its spirit, be applied to manslaughter. In this respect we think the judgment erroneous, it is clearly wrong in imposing both corporal punishment
 
 and
 
 a pecuniary fine 5 for the words of the law are in the alternative:
 
 “
 
 to order and adjudge him or her to receive one or more public
 
 is
 
 whippings,
 
 or
 
 to pay a moderate pecuniary fine, in. the “ discretion of the Court, under all the circumstances of
 
 “
 
 the case.” If “ or” could, under any circumstances, be construed “ and” in a penal law, it must be to lessen, not to aggravate, the evil of punishment.
 

 
 *56
 
 The judgment must, therefore, be reversed so far as it orders that the prisoner be whipped, and affirmed as to the fine.
 

 *
 

 Co. Lit. 6,