J. C. L. HARRIS et al. v. WESLEY NORMAN et al.

*Entry and Grant—Entry-Taker.*

1. An entry-taker has no authority to act upon the application of a claimant for lands not situated in his county, and an entry of such application on his records would be void.

2. The entry, the copy thereof, the warrant for a survey, the survey and the plats, constitute the essential groundwork of the grant, and in their absence there is no authority to issue the grant.

3. Where all the proceedings preliminary to the issuing of the grant described the land as lying in one county, and the land was described in the grant as lying in that county, but as a matter of fact it was situated in another county, the grant is void.

4. Where the invalidity of a grant appears on its face, it is not necessary to attack it by a direct proceeding, but it may be taken advantage of whenever offered in evidence.

5. The provisions of *The Code,* §2784, only extend to cases where the entry of land lying partly in two counties, which is unknown to the grantee, is made only in one county. In such cases the statute cures the defect.

(*Avery* v. *Strother,* Conf. Rep., 496 (434); *Sewell* v. *Mouney,* 2 Murph., 375; *Lunsford* v. *Bastian,* 1 Dev. Eq., 483; *Maxwell* v. *Morriss,* 3 Ired. Eq., 593; cited and approved).

CIVIL ACTION, tried before *Montgomery, Judge*, and a jury, at Fall Term, 1886, of MITCHELL Superior Court.

This action is brought to recover possession of certain timber-logs, cut on the land mentioned below. The following is so much of the case settled upon appeal as is necessary to present the questions to be decided by the Court:

" The plaintiffs introduced in evidence a grant from the State to them, of date 1870, of two hundred and seventy acres of land lying in *Watauga county*. The entry of said land was made in *Watauga*, and the grant based upon the entry, granted land *lying in Watauga*. By the plaintiffs it was admitted that the land was situated entirely in the county of *Mitchell*; how near the county line did not appear, and was so situated at the date of the entry and grant aforesaid, but that plaintiffs thought it was in Watauga county. Plaintiffs offered to prove that the line dividing Mitchell and Watauga counties had not been actually surveyed. Objection by defendants; objection sustained, and exception by plaintiffs."

There was evidence that the timber or cherry trees were cut on the land covered by the grant, if there was a grant, and that was the only evidence plaintiffs offered of their title to the trees.

The Court instructed the jury, that the grant to plaintiffs was void, and that the plaintiffs were not entitled to recover. There was a verdict and judgment for the defendants. The plaintiffs having excepted, appealed to this Court.

*Mr. Thomas P. Devereux*, for the plaintiffs.
*Mr. W. H. Malone*, for the defendants.

MERRIMON, J., (after stating the facts). The statute (*The Code*, §§2751–2788), prescribes what lands of the State shall be the subject of entry and grant, and, with much particlarity and detail, how entries shall be made and grants issued.

An entry-taker for each county is provided for and his duties prescribed. He is required to keep his office at the court-house of the county, and to record entries of claims of lands *within* his county. A surveyor for each county is also provided for. The person claiming land is required to make application in writing to the entry-taker in a way designated, and a copy of the application must be entered in a permanent entry-book. This entry is then to be advertised, and may be contested by any one claiming the land or any part of it. When it is settled, a copy of it with an order of survey must be sent to the county surveyor, and he is required to "lay off and survey" the land, and make "thereof two fair plats, the scale whereof shall be mentioned on such plats, and shall set down in words the beginning, angles, distances, marks and water-courses, and other remarkable places crossed or touched by or near to the lines of such lands, and also the quantity of acres," &c. These plats are required to be transmitted to the Secretary of State, or delivered to the claimant, within one year, together with the warrant or order of survey, " one of which, with the warrant, shall be filed by the Secretary, and another annexed to the grant."   *   *   * "The Secretary, on application of claimants, shall make out grants for all surveys returned to his office, which grants shall be authenticated by the Governor, countersigned by the Secretary, and recorded in his office. The date of the entry shall be inserted in every grant, and no grant shall issue upon any survey unless the same be signed by the surveyor of the county," &c.

These and other like provisions in detail, are intended to establish a system of entries and grants, a leading and essential feature of which is the entry-taker's office, and the office of surveyor in each county and the method of procedure therein, as to the grantable lands of the State in the county. The purpose is to establish intelligent order, certainty and

uniformity in granting lands, and to prevent confusion, frauds upon the State, and injustice to individuals.

An entry-taker has no authority to entertain and act upon the application of a claimant of lands not situate in his county. An entry of the same upon the entry-taker's record would be absolutely void. And a survey and plats thereof made by the county surveyor under a copy of what purported to be such an entry, and an order of survey in that connection, would likewise and for the like reason be void. There is a total absence of authority to make such entries, and besides, it would be subversive of the system mentioned, to tolerate and uphold them.

The entry, the copy thereof, the warrant of survey, the survey and the plats thereof required, filed with the Secretary of State, constitute the essential groundwork of the grant, and are necessary to enable the Governor and Secretary of State to exercise authority to issue it. These things give it life and are essential to its validity—without them it is inoperative and void. In their absence no authority to issue the grant arises. There is no power inherent in the Secretary of State to make out a grant, nor is there such power in the Governor and the Secretary of State to authenticate it when made out. Such authority arises only in the case prescribed by the statute. *Avery* v. *Strother*, Conf. Rep., 496 (434); *Sewell* v. *Mouney*, 2 Murphy, 375; *Lunsford* v. *Bastian*, 1 Dev. Eq., 483; *Maxwell* v. *Morriss*, 3 Ired. Eq., 593. It appears that the supposed entry of the land in question in this action, was made in the county of Watauga, and the survey and other proceedings necessary to the issue of the grant, were had in that county, and the grant describes the land as lying therein. It is admitted, however, that the land is wholly situated in the county of Mitchell, and was at the time of the supposed entry and grant of it. The entry and other proceedings in that connection were therefore void, and as a consequence the grant was void, and the

Court properly so decided. It was not necessary to declare the grant void in an action for that purpose, because its invalidity appeared upon its face, whenever it was presented as evidence of title to land situated in the county of Mitchell. It described the land as lying in the county of Watauga. This also appeared from the date of the entry, which must have appeared in the body of it; from the warrant or order of survey signed by the surveyor; and the plat of it, which must have been attached to it. The statute so expressly requires, the purpose being to show that the essential pre-requisites to the grant existed, to show its integrity and validity, if it possess these qualities, or its invalidity in their absence. So that in its nature it would not pass the title to lands in the county of Mitchell. *Lunsford* v. *Bastian, supra.*

On the argument, the counsel for the appellant suggested that the statute (*The Code*, §2984,) embraces a case like this. We cannot think so. It applies by its terms and its purpose only to cases where the claimant makes an entry of land in one county, near to the county line, and not knowing exactly where the line is, the entry extends to and embraces as part of it, adjoining land situated across the line in an adjoining county. In such case, the section just cited declares, "that all grants issued or entries made for lands situated as aforesaid (as above indicated), when the money has been paid into the State treasury, shall be good and valid against any entries hereafter made or grants issued thereon." In this case, the land does not extend across the county line; it is admitted that it was situated *entirely* in the county of Mitchell, how far from the county line does not appear.

The appellant offered to prove on the trial, that the line dividing the counties of Mitchell and Watauga had not been actually surveyed. Such evidence was wholly immaterial, because wherever the line might be, it was admitted, that the land in question was entirely within the county of

Mitchell. It cannot be error to refuse to admit irrelevant evidence. The judgment must be affirmed.

No error.                                                          Affirmed.