R. C. PEARSON and another v. STONEWALL J. POWELL

*Entry and Grant — Entry-taker — Constructive Notice.*

1. Plaintiff made an entry on the books of the Entry-taker, and in his presence, but without his authority; *Held*, that such entry was void, and, being void, was not constructive notice to one who subsequently entered the land and procured a grant therefor according to law.

2. The statute does not authorize an Entry-taker to appoint a deputy.

CIVIL ACTION, for the recovery of land, tried before *Montgomery, J.*, at Fall Term, 1886, of BURKE Superior Court.

The plaintiffs claim title under a grant from the State, dated September 4th, 1882, issued upon an alleged entry, made January 10th, 1880, and a survey, made February 10th, 1882, of which entry, they allege, the defendant had notice.

The defendant claims under a grant from the State, issued March 31st, 1881, in pursuance of an entry, made October 29th, 1881, and denies the alleged entry of the plaintiffs, or that he had any knowledge of it.

The following is the case on appeal:

" The following issue, by consent of counsel of plaintiffs and defendant, was submitted to the jury, as the only one material to be submitted to the jury, to-wit:

" Did defendant take his State grant with knowledge or

notice, at the time, that the plaintiffs had an entry on the same land ?"

The plaintiffs introduced one Harbison, as a witness, who swore that he was entry-taker for Burke county on January 10th, 1880, and that he found on the books in the office of the Register of Deeds for said county, the following, to-wit:

"No. 1728.  Dr. R. C. Pearson enters and locates fifty acres of land lying in Burke county, on or near the headwaters of Sandy Run, adjoining lands of Monroe Mull, Calvin and John Mosteller and George Fullbright and others, and running various courses and distances so as to include vacant lands."

The witness further testified, that the above entry on the books was not in his handwriting; that he believed it to be in the handwriting of Dr. Pearson, and that he, witness, has no knowledge of how or when the said entry was made on his books; that he never deputed or authorized any one to take entries.

Dr. R. C. Pearson was introduced for plaintiffs, who swore that he made that writing on the books, in the presence of the said Harbison, in the Register's office. Witness further swore, that he made it because he thought there was some vacant land; that he never made any entry or any other paper, but that all that was done, or written, was the writing above stated on the books.

The witness further swore, that he, as claimant, never had or produced to the entry-taker any writing signed by himself, setting forth where the land was situate, &c., as required by Act of Assembly, and that all he did was to write, in the books, the entry above stated.

There was evidence tending to locate the entry.  Plaintiffs closed their case, when the Court intimated that plaintiffs were not entitled to recover, in submission to which, plaintiffs submitted to a nonsuit.  Judgment against plaintiffs for costs.

Appeal prayed by plaintiffs. Notice waived. Appeal bond fixed at fifty dollars."

*Mr. C. H. Armfield,* for the plaintiffs.
*Mr. W. S. Pearson,* by brief, for the defendant.

DAVIS, J., (after stating the facts). § 2756 of *The Code,* directs the manner in which entry-takers shall be elected, and the following section provides that, in cases of vacancies, the Register of Deeds shall discharge the duties of entry-taker.

The entry-taker is required to give bond for the faithful discharge of his duties, and to take an oath of office. His duties are clearly defined. § 2765 prescribes the manner in which entries and grants shall be made and issued. By reference to that section, it will be seen that none of its provisions have been complied with by the plaintiffs.

The alleged entry was not made by the entry-taker, and the statute does not authorize him to appoint a deputy, and if it did, the evidence shows that the plaintiff was not authorized to take or make the entry. It is true that the plaintiff testifies " that he made the writing on the books, in the presence of the said Harbison, in the Register's office," but he does not say that it was authorized by the entry-taker, and Harbison testifies " that he never deputed or authorized any one to take entries."

The case of *Maxwell* v. *Wallace,* 3 Ired. Eq., 593, cited by counsel for the defendant, is decisive of this case. There the claimant went to the entry-taker, and the entry-taker being absent, he applied to his wife to take and make the entry, which she did, but the writing was not signed by the claimant, and was not left with the wife, but was carried away by him.

It was proved by the entry-taker himself, that his wife had often taken entries, and that he had authorized her, in his

absence, to enter them on his books. NASH, Judge, speaking for the Court, said : '· The plaintiff's claim rests upon the assumed fact, that he made an entry before the defendant, as required by law, and upon it procured a grant for the land to issue to himself, and that the defendant, with a knowledge of his priority, made an entry of the same land. As he has never made an entry, such as the law required, his equity has never arisen."

In the case before us, the plaintiff " has never made an entry, such as the law requires," and the entry found on the books, in the office of the Register of Deeds, was unauthorized and of no validity whatever. Not being a proper entry, it was not constructive notice, and there was no evidence of actual notice, and if there had been, the authority of *Maxwell* v. *Wallace, supra,* to the reasoning in which we refer, seems conclusive against the plaintiff.

There is no error. Affirmed.