WALTER BREM v. J. M. HOUCK and wife, and W. L. SAUNDERS, Secretary of State.

*Grant—Entry—Injunction.*

An injunction will not be granted to restrain the issuance of a grant, upon the ground of irregularity in the entries upon which it is to be based, upon the application of one who has not title himself to the premises, especially where it appears that whatever interests the parties may have, may be, without prejudice, presented and determined in an ordinary action to try the title.


This is a CIVIL ACTION, pending in the Superior Court of MECKLENBURG County, heard upon a motion for an injunction before *Boykin, J.*, in Chambers, on March 2d, 1888.

The complaint alleges, in substance, that on the 7th day of September, 1887, the defendant J. M. Houck irregularly entered two tracts of vacant land of the State situate in the county of Caldwell; that such entries were void because of irregularities specified; that thereafter, in pursuance of such entries, warrants of survey were issued to the surveyor of the county named; that surveys of the land were made and certified to the Secretary of State for the purpose of obtaining a grant from the State for the lands; that the Secretary of State is about to issue a grant, &c.; that the plaintiff, in the month of October, 1887, entered the same lands; that the same were surveyed for him according to law; that he

intends to apply for a grant therefor if the Secretary of State shall not issue the grant to the defendant H. C. Houck, as he ought not to do, &c.

The Secretary of State is made a party defendant; he answers and submits to the Court to determine his duty in the matter. The other defendants answer, denying many of the material allegations of the complaint, &c.

The plaintiff demands judgment that the Secretary of State be perpetually enjoined by order of the Court from issuing a grant for the lands, and that the defendant H. C. Houck be likewise enjoined from receiving such grant when issued, and that the alleged pretended entries be declared void, and for general relief.

The Court refused to grant an injunction pending the action until the hearing upon the merits, and the plaintiff appealed.

*Mr. C. W. Tillett*, for the plaintiff.
*The Attorney General* (and *Mr. G. N. Folk*, by brief), for the defendants.

MERRIMON, J. (after stating the case.) We are of opinion that this action cannot be maintained. The relief by injunction sought is not in support of and ancillary to some primary equity of the plaintiff to be settled and established by the action. The plaintiff does not allege a cause of action of himself against the defendants, but a state of facts upon which he demands that the defendant, the Secretary of State, be restrained from issuing, and the defendant, H. C. Houck, from receiving a grant from the State for certain lands, to the end he may obtain a like grant for the same lands and not be embarrassed by a senior grant and a possible future litigation to have a right of himself, that may hereafter arise, settled in his favor. He alleges no right of himself as against the defendants and invaded by the latter; at most, he seeks

in advance of the issuing of the grant to have the entry of H. C. Houck settled adversely to him, so that his way to a grant for the lands may be clear.

The Court will not thus anticipate, settle and establish incipient rights of the plaintiff, especially when he can suffer no substantial wrong by a grant that may be issued by the State. The effect of the grant is simply to put any title to the land in the State out of it, and this not to the prejudice of any existing rights of the plaintiff. If the grant that may be issued to the defendant Houck shall be founded upon insufficient entries, or such as are affected with fraud, the plaintiff, if he obtain a grant to the same land, will, at the proper time, have his remedy. *Patterson* v. *Miller*, 4 Jones Eq., 451; *Harris* v. *Norman*, 96 N. C., 59; *Pearson* v. *Powell*, 100 N. C., 86.

There is no error.                                 Affirmed.