L. F. MURRAY v. JOHN A. SOUTHERLAND and KINCHEN CARTER.

(Decided November 14, 1899).

*Sale of Land for Assets—Fraud—Innocent Purchaser.—Nonsuit After Appeal and Affirmation—Correction of Judgment—Practice.*

1. An appeal from a judgment is of itself an exception thereto.

2. A judicial sale of land can not be collaterally impeached in an independent action to recover the land. There must be a direct proceeding to vacate the judgment, either by motion in the cause, if in a partition case, or by an independent action, as in other cases, at option of the party.

3. If an independent action is resorted to in such partition case, in order to avoid a multiplicity of actions, a prayer to vacate may be united with a prayer for recovery of the land.

4. If fraud is the alleged ground for relief, it must be specifically stated, and there must be an allegation that the purchaser participated in the fraud or bought with notice thereof, and was not an innocent purchaser for value and without notice. The Code, sec. 1896.

5. If a judgment of dismissal is rendered below upon the pleadings, when a judgment of nonsuit was intended, the plaintiff's remedy is by motion in the cause, and this can be done even after appeal and affirmation of the judgment.

CIVIL ACTION to recover land, tried before *Bryan, J.*, at September Tterm, 1899, of PENDER Superior Court, and heard upon the pleadings, a jury trial having been waived, except as to damages in case the Court should hold that plaintiff is entitled to recover.

The pleadings are substantially stated in the opinion. His Honor adjudged that the plaintiff take nothing by his action, and that the defendants go without day and recover of plaintiff costs of suit.

Plaintiff excepted to the judgment, and appealed to the Supreme Court.

*Mr. J. D. Kerr,* for appellant.
*Messrs. Allen & Dortch,* and *J. T. Bland,* for appellee.

CLARK, J. This is an action by the heirs at law of James W. Murray to recover the real estate of which he died seized and possessed. The defendants answer that the land was sold under proceedings to make assets to pay debts, sale confirmed, purchase-money paid, and deed made to purchaser from whom by mesne conveyances title has passed to these defendants. The plaintiff replies, admitting these allegations, but says he is informed and believes that the proceedings set out "were the result of a conspiracy participated in by said administrator and others to defraud plaintiff, who was then a minor of tender years, out of his land as described in the complaint herein, and did defraud him of the same by said proceedings, which plaintiff is informed are irregular, against the course and practice of our courts, illegal and void." Upon the complaint, answer and reply, the Court adjudged that "the plaintiff take nothing by his action, and that the defendants go without day and recover of plaintiff costs of suit."

There are no exceptions, but the appeal is itself an exception to the judgment, as that is matter appearing upon face of the record proper. *Thornton v. Brady,* 100 N. C., 38; *Appomattox Co. v. Buffaloe,* 121 N. C., 37.

It is true that when land has been sold under decree of

court, the sale can not be collaterally impeached in an independent action brought to recover the land. *Sumner v. Sessoms,* 94 N. C., 371; *Smith v. Gray,* 116 N. C., 311.

But a direct proceeding to attack a judgment for fraud can not be brought except in partition proceedings, Code, sec. 1896, by a motion in the cause, but it must be an independent action. *McLaurin v. McLaurin,* 106 N. C., 331; *Smith v. Fort,* 105 N. C., 446. The power to make such attack by a motion in the cause in partition cases is optional and does not deny the right to bring an independent action as in other cases. In such independent action there may be joined (to avoid multiplicity of actions) a prayer upon proper allegations to set aside the judgment and sale and all proceedings connected therewith on the ground of fraud and irregularity, and a prayer that the plaintiff recover possession of the land which had been illegally sold. Both these are in the complaint, but in inverse order—the demand for a recovery of the land being in the complaint and the allegation of fraud with prayer to set aside the sale being in the reply. But should we treat the plaintiff's action as being one to set aside for fraud and irregularity, the judgment and sale in the petition to sell the land to make assets, with a demand joined for recovery of the land, the alleagtions are wholly insufficient. The allegation of a conspiracy to defraud by the "administrator and others" is too indefinite; nor is there any allegation that the purchaser participated in the fraud or bought with notice thereof; nor that the defendants had knowledge of such fraud and were not innocent purchasers for value and without notice. Code, sec. 1896; *Harrison v. Hargrove,* 120 N. C., 96; *England v. Garner,* 90 N. C., 197, and there are other defects.

The courts do not favor "judgment upon the pleadings," but the pleadings of the plaintiff in this case are so defective

that the Court below properly held that he could not recover. His counsel rather indicated in this Court that the appeal was not so much because of expectation to sustain his pleadings as an effort to get rid of the judgment, which, in its present shape, might be an estoppel (*Allen v. Sallinger,* 103 N. C., 14), upon a new action more regular in form, and that his Honor only intended to sign a judgment of nonsuit. If so, the plaintiff's remedy is by a motion below in this cause to correct the judgment into one of nonsuit, if such was the judgment ordered, and which the Judge intended to sign. *Brooks v. Stephens,* 100 N. C., 297; and this can be done notwithstanding this appeal to this Court and our affirmation of the judgment as it appears in the record. *Beam v. Bridgers,* 111 N. C., 269.

Affirmed.