(November 24, 1899.)

## BOWEN v. HARPER.

[59 Pac. 179.]

Service of Summons Out of the State—Default—Void Judgment.—When, after order for publication of summons against an absent defendant has been duly made, the summons is personally served on such absent defendant out of the state, such service does not become complete until the expiration of the time prescribed in the order for publication; and where such order prescribed one month for such publication, as in the case at bar, the defendant served out of the state has one month and forty days in which to answer and a default judgment entered against him during said time is void and will be reversed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

W. C. Howie, for Appellant.

The default of John E. Harper in this cause was improperly entered. The service of the summons was not complete until one month after service on John E. Harper on March 21, 1898,

and Harper had forty days after that to answer, or all of April 30th. (Rev. Stats., sec. 4146; *Abrahams v. Mitchell,* 8 Abb. Pr. 123; *Fiske v. Anderson,* 12 Abb. Pr. 8; *Brooklyn Trust Co. v. Buhmer,* 49 N. Y. 84; *Market Nat. Bank v. Pacific Nat. Bank,* 89 N. Y. 397; *Tomlinson v. Van Vechten,* 6 How. Pr. 199; *Grewell v. Henderson,* 5 Cal. 465.) John E. Harper not being in default, a judgment against him by default is void. (*Morton v. Morton,* 16 Colo. 358, 27 Pac. 718; *Gibson v. Smith,* 1 Colo. 7; *Grewell v. Henderson,* 5 Cal. 465.)

Wyman & Wyman, for Respondent, cite no authorities on the point not decided by appellant's counsel.

QUARLES, J.—The plaintiff commenced this action in the court below to foreclose a mortgage. Two of the defendants were served with summons in this state; one John E. Harper, the principal defendant, being absent. Order for publication of summons against said absent defendant, Harper, was duly made February 10, 1898. In lieu of publication of the summons, the plaintiff caused the summons and copy of complaint to be served upon said defendant, Harper, personally on the twenty-first day of February, 1898, in the city of Chicago, in the state of Illinois. The default of said defendant, Harper, was entered by the clerk in the action on April 19, 1898. April 25, 1898, said defendant, Harper, filed a motion to set said default aside, upon the ground that the same was entered before the time of said defendant to answer had expired, and thereafter filed a demurrer to the complaint. On May 5, 1898, said motion came on to be heard, and was denied; and on the same day, on evidence heard on behalf of the plaintiff, the court entered its decree of foreclosure in favor of the plaintiff.

The principal question before us is, Was the default of the absent defendant prematurely entered? If so, the court below should have granted said defendant's motion to set the default aside, and its failure so to do was reversible error. The solution of this question depends upon the construction to be given to section 4146 of the Revised Statutes, which section is as follows: "The order must direct the publication to be made in

a newspaper to be designated as the most likely to give notice
to the person to be served, and for such length of time as may
be deemed reasonable, at least once a week; but publication
against a defendant residing out of the territory or absent there-
from must not be less than one month. In case of publica-
tion, where the residence of a nonresident or absent defendant
is known, the court or judge must direct a copy of the summons
and complaint to be forthwith deposited in the postoffice, di-
rected to the person to be served at his place of residence. When
publication is ordered, personal service of a copy of the sum-
mons and complaint out of the territory is equivalent to pub-
lication and deposit in the postoffice; and in either case the ser-
vice of the summons is complete at the expiration of the time
prescribed by the order for publication." A careful examina-
tion of this statute convinces us that the legislature intended
that the service, when made personally out of the state, should
not be regarded as complete until the expiration of the time
prescribed for the publication in the order therefor. The order
for publication in the case at bar prescribed one month as the
time during which the summons should be published in the
newspaper designated in the order. The month would neces-
sarily commence with the first publication, if the service had
been made by publication. The first publication in such case
would be the date, and the only date, from which to compute
the one month. It would not do to commence to compute it
from the date of the order, for the statute says that the service
becomes complete with the expiration of the time prescribed by
the order. The qualifying words, "in either case," in the last
clause of the statute under consideration relate to both of the
modes of serving the summons upon the absent defendant pro-
vided for in said statute—i. e., in case of publication of the sum-
mons and in case of personal service out of the state. In the
first case, the service becomes complete at the expiration of the
time prescribed in the order for publication, computing from
the date of the first publication; and in the last case it becomes
complete at the expiration of such time, computing from the
date of making the personal service out of the state. In the
case at bar the personal service was made out of the state on

the twenty-first day of February. The service, under the statute, was not complete until the expiration of one month from February 21st. In other words, it required the lapse of time—one month—to complete the service. The defendant had forty days from the time the service became complete in which to answer. The service did not become complete prior to the commencement of the twenty-first day of March. From March 21st to April 19th is less than forty days. Hence, we are bound to hold that the default of the defendant, Harper, was prematurely entered and void, and that the same should have been set aside, and said defendant heard upon the demurrer. See authorities construing the same statutory provision as follows: *Grewell v. Henderson,* 5 Cal. 465; *Trust Co. v. Bulmer* 49 N. Y. 84; *Market Nat. Bank of New York v. Pacific Nat. Bank of New York,* 89 N. Y. 397. The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings consistent with this opinion. Costs of appeal awarded to the appellant.

Huston, C. J., and Sullivan, J., concur.