(June 4, 1902.)

## FORSMAN v. BRIGHT.

[69 Pac. 473.]

SUMMONS—RETURN—MOTION TO QUASH.—The defendant moved to quash the return upon the summons, and presented his affidavit stating that no copy of the complaint had been served with the summons; the sheriff returned that he had served a certified copy of the complaint with the summons; it is made to appear that what purported to be a copy of the complaint was served with the summons, and the defendant, after being ordered· and directed to present to the court the purported copy of such complaint had failed and refused so to do. *Held*, that the court properly refused to quash the return to said summons.

PUBLICATION OF SUMMONS—TIME OF PUBLICATION.—The publication of summons under proper order directing such publication, which was made in a weekly newspaper five consecutive weeks, the first issue being upon July 18th, and the last upon August 15th held to be a publication each week for at least one month, as required by the statute.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

J. F. Ailshie, for Appellants.

The court erred in overruling defendant Green's motion to quash the service of summons upon him for the reason that it appeared by positive affidavit that no copy of complaint was

ever served upon him, and that no other defendant was ever served in the county in which he was served. (Rev. Stats., secs. 1873, 4143; *Raker v. Bucher,* 100 Cal. 214, 34 Pac. 654, 849.) The return in this case was questioned by a direct attack and not collaterally. (*Norton v. Atchison etc. R. Co.,* 97 Cal. 388, 33 Am. St. Rep. 198, 30 Pac.ˈ 585, 32 Pac. 452; *Ainslie v. Idaho World Printing Co.,* 1 Idaho, 641; *Wilson v. Cross & Co.,* 33 Cal. 69; *Lander v. Beers,* 48 Cal. 547.) Where service is made by publication, it must be made "at least once a week" and "must not be less than one month." (Rev. Stats., sec. 1146.) The word "month" means a "calendar month." (Rev. Stats., sec. 16, subsec. 4; *McGinn v. State,* 46 Neb. 427, 50 Am. St. Rep. 621, 65 N. W. 46; *Sappington v. Lenz,* 53 Mo. App. 44; *E. M. Derby & Co. v. City of Modesto,* 104 Cal. 515, 38 Pac. 902; *Hill v. Faison,* 27 Tex. 428. See *Guaranty etc. Safe Deposit Co. v. Buddington,* 27 Fla. 215, 9 South. 246, 12 L. R. A. 770, where the supreme court of Florida held that four months did not intervene between the second day of May and the first day of September.)

W. N. Scales, for Respondents.

The first error relied on by appellant is the ruling of the court overruling motion to set aside service on Green, and seems to be the only objection Mr. Green has. It appears to us that a mere recital of the facts carries conviction as to the correctness of his honor's ruling. The sheriff had made a certificate, positive in terms, that he served a copy of complaint. Mr. Ailshie, the attorney who drafted Green's affidavit, stated that Green had been served with what purported to be a copy of complaint, and he has never contradicted it, and when the court asked him to produce it, he refused to do so. Justice cannot thus be thwarted and does not countenance finesse of character; when the rule contended for by appellant prevails, procedure will be a farce, and the failure to dot an "i" or cross a "t" would be fatal, because it would not be a "copy." In *Shoup v. Daughey,* 33 Cal. 505, 513, the court says in regard to the summons, "and on comparing the publication with the

original contained in the case, certain discrepancies appear. . . . .
It is sufficient answer to this objection to say that the differ-
ences noted are purely literal, and quite microscopic at that.
In sense and meaning the original summons and the published
version of it are identical, and that is enough." (*Norton v.
Atchison etc. R. R. Co.,* 97 Cal. 388, 33 Am. St. Rep. 198, 30
Pac. 585, 32 Pac. 452; *Reay v. Benter,* 95 Cal. 206, 30 Pac.
208.) The publication in this case was five successive times—
the first on the 18th of July, 1901, and the last on the 15th
of August, 1901, and were in a weekly newspaper. Service was
complete in one month. (*Brown v. Harper,* 6 Idaho, 654, 59
Pac. 179; *Savings etc. Soc. v. Thompson,* 32 Cal. 347; *State ex
rel. Boyd v. Superior Court of Pierce Co.,* 6 Wash. 352, 33 Pac.
827, 829; *Foster v. Vehmeyer,* 133 Cal. 459, 65 Pac. 974, 975.)

QUARLES, C. J.—This action was commenced in the court
below to obtain a judgment foreclosing certain mortgages. Two
of the defendants did not appear in the action, and were not
actually served with summons, but served by publication of sum-
mons. The third and remaining defendant, A. E. Green, was
served with summons in Idaho county. Said defendant Green
appeared specially for the purpose of moving to quash the re-
turn of the sheriff of Idaho county showing service of the
summons upon him, and in support of said motion filed his
affidavit to the effect that no copy of the complaint was served
upon him with a copy of the said summons. The sheriff's re-
turn shows that he served, with a copy of the summons, a
copy of the complaint in the action. It is made to appear by
affidavit that a paper purporting to be a copy of the com-
plaint in the action was served upon said defendant Green with
a copy of the summons, and the plaintiff, upon making such
showing, asked for an order directing and requiring said de-
fendant Green to present to the court the said paper purport-
ing to be a copy of the complaint in the action. This the said
defendant Green failed and refused to do. The trial court
refused to make the order demanded quashing the return upon
said summons, and this action of the court is one of the errors

assigned by the appellant. The trial court properly refused to quash the return upon said summons.

The principal error assigned, and the one which is mainly relied upon by the appellant for reversal in this case, is that the affidavit showing publication of summons is insufficient, and does not show that the summons was published, as required by the order for publication, for the length of time required by said order and by the statute. The said affidavit shows that the summons was published in the paper designated by the order for publication five times, the first issue being on the eighteenth day of July, 1901, and the last issue on the fifteenth day of August, 1901; and that the summons was published in the newspaper proper, not in any supplement thereof. It is thus made to appear that the said publication of summons was made in five consecutive issues of the proper weekly newspaper. Appellant contends that this was not for a sufficient length of time; that from the eighteenth day of July, to the fifteenth day of August following, is less than one calendar month, and that such publication did not answer the requirements of section 4146 of the Revised Statutes. The month mentioned in said statutes is a calendar month, and not a lunar month. Under the contention of the appellant the publication of the summons in said paper was made for twenty-nine days only—less than a month. This presupposes that the last issue of the paper, unlike the preceding four issues, answered for only one day. That contention is incorrect. Appellant cites us to the decision in *Strode v. Strode,* 6 Idaho, 67, 96 Am. St. Rep. 249, 52 Pac. 162, as supporting his contention, but, in our view, nothing said in that decision has any application to the question before us here. This question was inferentially and indirectly before this court in the case of *Bowen v. Harper,* 6 Idaho, 654, 59 Pac. 179. In that case an order for publication of summons was procured, after which, instead of publishing the summons, the plaintiff caused the summons to be personally served out of this state, and in the state of Illinois, on the twenty-first day of February, 1898. Thereafter, and on April 19, 1898, a default of said absent defendant was entered, and six days after entry

of said default said defendant filed a motion to set aside the default upon the ground that the same was entered before the time of said defendant to answer had expired, which motion was denied, and from the judgment said defendant Harper appealed. This court, in the decision in said case, used the following language: "The order for publication in the case at bar prescribed one month as the time during which the summons should be published in the newspaper designated in the order. The month would necessarily commence with the first publication, if the service had been made by publication. The first publication in such case would be the date, and the only date, from which to compute the one month." Applying that rule to the case at bar, the month would commence on the eighteenth day of July and end with the day August 17th. The statute making no provision for the exclusion of either day, as in case of personal service, does not require the publication for one full month and one day, but simply requires that the publication should be for at least one month. (See *E. M. Derby & Co. v. City of Modesto,* 104 Cal. 515, 38 Pac. 900.) This question was passed upon by the supreme court of California in the case of *Society v. Thompson,* 32 Cal. 347. The statute of California required the publication of the notice in question there for three months. The publication was made in a paper the first issue of which was on the tenth day of January, and the last on the ninth day of April, and in each intervening week, making in all a publication of fourteen consecutive weeks, or in fourteen issues of the paper. The court there held that said publication was sufficient, and covered three months. The court, among other things, said: "We think that the summons had been published for three calendar months at the close of the ninth day of April, and that the first day of the forty within which the defendant was required to answer was on the tenth day of April. But, even if the three months for publication did not expire until the tenth day of April, there was no necessity for another publication. The 10th was in the same week with the 9th, and the summons had been published in that week. It had been published once in every one of the weeks that could

by any possibility, in whole or in part, be brought into the three consecutive months. This is sufficient under the decision in *Ronkendorff v. Taylor,* 4 Pet. 361, 7 L. ed. 882, and we know of no decision to the contrary. The only difference it· could make would be that the forty days within which the defendant is required to answer would not commence to run till the 11th, instead of the 10th, for then the service would not be complete till the expiration of the 10th. Summons does not arbitrarily fix the day for answering, but requires the defendant to answer within a given number of days after the service of summons." There is no question in this case as to the default against said absent defendants having been entered before the expiration of forty days after the service had become complete.

The appeal is from the judgment upon the judgment-roll, and, finding no error in the record, the judgment is affirmed. Costs awarded to respondents.

Sullivan and Stockslager, JJ., concur.