(No 5564. October 1, 1930.)

HENRY O. HARKNESS, JOHN A. HARKNESS, Also Known as ABNER J. HARKNESS, and THEODORE R. HARKNESS, by F. M. BISTLINE, Guardian ad Litem, Appellants, v. UTAH POWER & LIGHT COMPANY, a Corporation, Respondent.

[291 Pac. 1051.]

F. E. Tydeman, for Appellants.

758

Merrill & Merrill, for Respondent.

LEE, J.—H. O. Harkness died April 5, 1911, leaving property in Bannock and Oneida counties. His widow, Sarah Harkness, having qualified as administratrix and having found it necessary to sell part of the estate to pay debts, secured an order directing the sale of a certain electric light plant at McCammon, Idaho. At the ensuing sale which was confirmed by the probate court of Bannock county on August 10, 1914, respondent, Utah Power & Light Company, became the purchaser. Some fifteen years thereafter appel-

lants, who were minor devisees at the time of the sale, brought an action in the district court of Bannock county to vacate the sale upon alleged defects, invalidities and irregularities in the proceedings in the probate court. A general demurrer to the complaint was sustained, with leave to amend. A general demurrer to the amended complaint was sustained, without leave to amend; and the action was dismissed. From the judgment of dismissal the devisees have appealed.

No charge of fraud or inadequacy of price is alleged in the complaint; and appellants' attack, wholly collateral in its nature (*Clark v. Rossier*, 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358; *Daniels v. Isham*, 40 Ida. 614, 235 Pac. 902; *Larsen v. Larsen*, 44 Ida. 211, 256 Pac. 369; *Knowles v. Kasiska*, 46 Ida. 379, 268 Pac. 3), is based solely upon alleged defects in the proceedings, which appellants insist rendered the subsequent sale void.

Judgments and decrees of a court of record can be collaterally attacked only for fraud or lack of jurisdiction, meaning, of course, jurisdiction of the parties, subject matter and the question to be decided. (*Swinehart v. Turner*, 38 Ida. 602, 224 Pac. 74.) In matters purely probate, the probate court of Bannock county is an original court of record; and, unless it appears from the face of the record that it acted in some instance without jurisdiction, the presumption of regularity attending decrees and judgments of courts of record generally will operate to sustain its orders. (*Kline v. Shoup*, 38 Ida. 202, 226 Pac. 729.) Appellants contend that in ordering and confirming the sale, the probate court acted without jurisdiction of either the parties or subject matter. That the court had jurisdiction of the question to be decided goes without saying. To support their contention, they urge the following:

"1. The petition for the sale does not state facts sufficient to give the court authority to sell the property.

"2. The court lacked jurisdiction to make the sale for the reason that the order failed to give the statutory notice.

"3. The order of sale did not conform to the statutory requirements.

"4. Proper notice of sale was not given.

"5. The court did not have jurisdiction of the plaintiffs herein."

It is charged that in violation of C. S., sec. 7617, the petition failed to set forth (a) whether the property was separate or community property, (b) the names and ages of the legatees and devisees or the heirs of the decedent so far as known to petitioner, (c) a description of all the real property of which decedent died seised, (d) a statement of the condition and value of the respective portions and lots thereof, and (e) what part of the property is real property and which is personal.

A careful reading of the petition attached to the complaint as an exhibit discloses the incorporation therein by reference of numerous instruments filed in former proceedings affecting the administration, in some of which at least it was required to set out the very information appellants contend for. The complaint contains no allegation that these incorporated instruments failed in anywise to conform to the statute: the presumption is that they were in all respects regular and met the court's approval. However, it would seem from the concluding provisions of said section that the omissions complained of are not jurisdictional. *Vide:*

" . . . . but a failure to set forth facts hereinbefore enumerated will not invalidate the subsequent proceedings if the defect be supplied by the proofs at the hearing and the general facts, showing that such sale is necessary, or that such sale is for the advantage, benefit and best interests of the estate, and those interested therein, be stated in the decree."

The order of sale recited that the court "heard and examined the proofs and allegations of the said petition and on such hearing after a full examination 'it appeared to the satisfaction of the Court' that it is necessary that said electric light plant, including all the franchises, accessories

and other properties incidental thereto of the said estate, be sold in order that the proceeds may be applied to the payment of the debts, etc.'' In view of this recital and the absence of anything to the contrary appearing in the record, it will be presumed that the proofs supplied satisfied the statute.

It is charged that the order to show cause failed to give the statutory notice in this: (a) the last publication was not made five days before the day set for the hearing; (b) the order did not contain a description of the property to be sold nor reference to any former petition, order or notice where the same could be found; (c) the order did not state whether the property was personal or real; (d) the order was directed to be published in the ''Semi-Weekly Tribune'': it was published in the ''Semi-Weekly''; (e) the order was not published in all the issues of any newspaper between the first and last publications thereof; (f) proof of publication was not mailed or filed until after the hearing on April 25th, a violation of C. S., sec. 7620, which directs the proof of publication must be made at the time of the hearing, and (g) the affidavit of publication was not made by the printer or his principal clerk nor does it specify the time and issues in which said publication was made.

■■ From the record, it affirmatively appears that the first publication of the order was on March 25th and the last on April 22d. The return day was April 25th. C. S., sec. 7619, requires that the order must be published ''at least four successive weeks.'' This does not mean for a full term consisting of four successive weeks, but simply that there shall be a publication each week of a consecutive four. (*Forsman v. Bright*, 8 Ida. 467, 69 Pac. 473; *Harpold v. Doyle*, 16 Ida. 671, 102 Pac. 158; *Calvert v. Calvert*, 15 Colo. 390, 24 Pac. 1043; *Smith v. Collis*, 42 Mont. 350, Ann. Cas. 1912A, 1158, 112 Pac. 1070.) The record shows that April 22d was on Wednesday, and that the paper was published on Wednesdays and Saturdays of each week. The affidavit of publication recites that the order was published for four consecutive weeks, the first having been March 25th

and the last April 22d. Computing backward from April 22d, it is, therefore, evident that the publication of April 18th was the last possible publication for the fourth week giving more than five days before the hearing. The court specifically found the publication sufficient; and, there being nothing in the record to the contrary, all the presumptions are with him.

The criticism that the order to show cause did not contain a description of the property to be sold is without merit. The statute does not require it. Furthermore, the order recited the former filing of a petition wherein was declared the necessity of selling "a certain electric light plant and franchises, accessories and other property incidental thereto belonging to the estate of the said deceased."

Similar disposition can be made of the objection that the order failed to state whether the property was real or personal. To the objection that the order was published in the "Semi-Weekly" and not in the "Semi-Weekly Tribune" may be opposed the recital in the affidavit of publication, viz.:

" . . . . deposes and says he is the Chief Clerk of the Tribune Co., Ltd., publisher of the Pocatello Tribune and the Semi-Weekly Pocatello Tribune, newspapers published in Pocatello, . . . . , that the publication, a true copy of which is hereto attached, was published in the Semi-Weekly, etc."

It does not affirmatively appear from the record that publication of the order was not made in all the issues of any paper between the first and last publications. Both the presumption and the court's finding of proper publication must prevail.

It affirmatively appears that the affidavit of publication was not executed until April 28th, three days after the hearing. The affidavit would not have been the only competent proof the probate judge may have had before him. He may have relied upon sworn testimony or the papers containing the notices themselves. His order of sale made on April 25th, three days before the execution of the affidavit aforesaid, recites the court's satisfaction of the

proof of "due publication": again, the presumption of regularity. There is no merit in the contention that the affidavit should have been signed by the "principal" clerk: it was signed by the "chief" clerk: and what is a "chief" but a principal actor or agent?

Complaint is made that the order of sale did not conform to C. S., sec. 7610, in that (a) the order did not provide for the sale of personal property at public auction, and (b) the order did not require the administratrix to give an additional bond. C. S., sec. 7610, authorizes the probate court to direct a private sale of personal property for "good reason shown." Here, the court found that it was "for the best interests of said estate and all persons interested therein that said property should be sold at public or private sale as the administratrix shall judge to be most beneficial to said estate." The property consisting of an electric light plant included among its franchises, water stock, accessories, incidentals and other equipment, many items that considered alone would be strictly personal property. As combined and operated with the major property, undisputed realty, they became a part of the whole unit; and any separation of them from the main plant would not only have rendered a sale impracticable, but resulted in grievous loss to the estate. The failure to require an additional bond of the administratrix cannot be taken advantage of on collateral attack. (*Swinehart v. Turner*, 44 Ida. 461, 466, 259 Pac. 3.)

It is further contended that the notice of sale was defective, since (a) the sale was not held within six months after the first publication of notice, (b) no posted notice of the sale of personal property was given, (c) the notice was posted by the administratrix, (d) the affidavit of publication was not made by the printer or principal clerk of the "Pocatello Semi-Weekly Tribune," (e) the notice of sale was not published in all of the issues between the first and last publications, (f) the property was sold under an order entered November 17, 1913, and (g) the real property was sold before all of the personal property was sold.

 The objections set out in subdivisions b, d and g have already been disposed of: the record flatly controverts subdivision e. As to subdivisions a and f, the record shows that, while the order of April 25, 1914, was in fact supplemental to the order of November 17, 1913, it was based upon a later petition expressly reciting that the plant could not be sold under the former order by reason of inapt description, necessitating a second order. The consequent notice of sale, dated May 11, 1914, announced that the sale would be made in pursuance of an order made April 25, 1914; and the petition for confirmation recites that the sale was made under such order. There is no merit in the contention that the notice of sale was posted by the administratrix: the court ordered the notice posted: it was posted: that's that.

 Finally, it is contended that the probate court did not have jurisdiction of the appellants, all of whom were minors at the time of the sale. This court backed by abundant authority has heretofore held that probate proceedings are in their nature *quasi in rem.* (*Swinehart v. Turner, supra.*) It is, therefore, obvious that, unless some statutory requirement for notice intervenes, no notice to parties interested is necessary. C. S., sec. 7619, however, provides that in a proceeding for the sale of property belonging to a decedent's estate the order to show cause must be personally served "on all persons interested in the estate, and on any general guardian of any minor devisee, or heir of the decedent, resident in the county, . . . . or *must be published* etc. (Italics ours.) This provision is all-inclusive, and is in no manner affected or superseded by C. S., secs. 7769 and 7773, cited by counsel. Those sections direct an additional procedure in specific instances not obtaining here.

To recapitulate: There is no charge of fraud in the complaint. No jurisdictional defect is apparent in the record; and any errors, if errors there be, were but irregularities which have been cured by the order of confirmation. That the sale resulted in a substantial benefit to the estate is not disputed. Nor is there anywhere a suggested absence of

*bona fides.* Equity would be fairly running amuck to upset, in the face of the record, a concluded transaction which has quietly slumbered so long a time.

Judgment affirmed; costs to respondent.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.