(No. 5663.   April 21, 1931.)

HENRY O. HARKNESS, JOHN ABNER HARKNESS, and THEODORE R. HARKNESS, Appellants, v. VILLAGE OF McCAMMON, BANNOCK COUNTY, STATE OF IDAHO, a Municipal Corporation, Respondent.

[298 Pac. 676.]

F. E. Tydeman, for Appellants.

Merrill & Merrill, for Respondent.

GIVENS, J.—H. O. Harkness died April 5, 1911, seised of certain real property, and leaving a wife and five minor children. Mrs. Harkness, as administratrix of the estate, sold certain of said property, which sales were attacked in *Harkness v. Utah Power & Light Co.*, 49 Ida. 756, 291 Pac. 1051, and *Harkness v. Hartwick*, 49 Ida. 794, 292 Pac. 592.

Mr. J. H. Wylie Sessions later succeeded Mrs. Harkness as administrator, and sold the McCammon waterworks in question herein to J. C. Jensen, who in turn sold them to respondent.

Appellants, the minor heirs, now of age, with the exception of one who appears by guardian, brought this action in time, under the authority of C. S., secs. 7652 and 7653, to set aside said sale. A general demurrer to the amended complaint was sustained.

Various grounds of attack upon the proceedings leading up to the sale, other than fraud, urged herein, are sufficiently similar to those considered in the two cases mentioned above, to be controlled by the rulings therein, and are unavailing to appellant.

One of the previous decisions did not pass on the ground of fraud:

"No charge of fraud or inadequacy of price is alleged in the complaint; . . . . " (*Harkness v. Utah Power & Light Co., supra.*) The other held the complaint defective be-

cause it did not charge the purchaser with knowledge of, or participation in, the fraud, or that the heirs were damaged by the alleged fraudulent acts.

The complaint herein alleges as follows:

"That plaintiffs say they are informed and believe and upon that ground charge the facts to be, that the said J. Wylie Sessions, as administrator of the said estate, and the said J. C. Jensen, entered into a secret arrangement whereby the said Wylie Sessions did sell the entire property of the said estate for 90% of its appraised valuation, and that upon such sale being made the said Jensen did then transfer said property to various parties who had indicated to the said administrator their intention of buying certain portions of the same. That these plaintiffs are informed and believe and upon that ground charge the fact to be, that the said administrator, previous to the time that the sale of said property was made by him to the said Jensen, had received offers for said property in separate parcels from various parties which should have brought sums in excess of the amount actually received by and through the sale of the property in bulk to the said Jensen, and that notwithstanding said fact, the said administrator, in order that he and the said Jensen might profit by the sale of said property in bulk, conspired with each other to bring about the sale of the property in bulk. That the said administrator had, prior to the time that said sale was made to the said Jensen of the property of said Estate, received an offer from the Village of McCammon for the purchase of the said Gravity Water System in the sum of $10,000; and notwithstanding said fact, the said administrator, in order to carry out the secret arrangement made with the said Jensen, and for the purpose of defrauding the said Estate, unlawfully and wrongfully failed to report to the Probate Court an offer for the purchase of said property in the sum of $10,000, but concealed said fact and accepted a bid for all the property of said Estate, which included at said time the Gravity Water system, at a price less than the value of said property, and less by a sum of $2500.00 that

the said administrator had been tendered and offered by the said Village of McCammon. That these plaintiffs are informed and believe and upon that ground charge the fact to be, that the defendant knew of the fraud that was being perpetrated by and between the said administrator and the said Jensen.

"Plaintiffs further allege that the said J. C. Jensen did not have any money with which to consummate the purchase of said property for the sum of $85,000.00 or any considerable portion thereof, and that the said administrator well knew said fact and was merely using the said J. C. Jensen as an ostensible purchaser of said property in order to further his scheme to consummate the sale of the property of said Estate at a less value than that which it was reasonably worth, or that which he had been offered for the same. That the said defendants well knew that the said J. C. Jensen did not intend to buy the said Gravity Water System and knew that he was merely used as a go-between to permit the said Sessions and the said Jensen to carry out their schemes and to purchase the said property from the said Estate at a less amount than that which the said defendant was willing to pay for the same. That the last appraisal of said property sold to said Jensen valued the said property at $94,041.18."

Such allegations were not in the other complaints. It is also alleged that the attorney for the minors was the attorney for the administrator who made the sale, and alleges fraud and collusion by reason thereof, and in connection therewith.

■ Both under the implied holding in the previous decisions, and on other authority, the complaint herein as to fraud is sufficient. (*Murray v. Southerland,* 125 N. C. 175, 34 S. E. 270; *Morton v. Blades Lumber Co.,* 144 N. C. 31, 56 S. E. 551; *McQueen v. McDaniel,* 18 Ky. Law, 954, 38 S. W. 880; 24 C. J. 675.)

■ Collusion and conspiracy are considered as extrinsic fraud, hence available to appellants. (*Donovan v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S.,

524; 34 C. J. 474; 3 Freeman on Judgments, sec. 1235, p. 2576; Black on Judgments, sec. 370, p. 588.)

Judgment reversed and cause remanded, with instructions to overrule the demurrer as to the fraud alleged, and permit an answer and trial. Costs to appellants.

Lee, C. J., and Varian and McNaughton, JJ., concur.

Budge, J., dissents.