A. G. THORNTON and wife v. A. G. BRADY.

*Appeal—Practice—Error Apparent in Record—Assignment of Error.*

The statute (§ 957 of *The Code*) requiring the Supreme Court to render such judgment, &c., as shall appear to be proper from *inspection of the whole record,* has reference to the essential parts of the record, such as the pleadings, verdict and judgment, in which, if there be error, the Court will correct it, though it be not assigned.

If there be error in such matters as are not necessarily of the record, the Court will not see and correct it, unless it be assigned. (Report of *State* v. *Reynolds*, 95 N. C., 616, adverted to as incorrect and misleading).

CIVIL ACTION, heard before *Clark, J.,* at Spring Term, 1887, of the Superior Court of CUMBERLAND County.

Judgment was rendered in favor of defendant and the plaintiffs appealed.

*Mr. N. S. Ray,* for the plaintiffs.
*Mr. D. Rose,* for the defendant.

MERRIMON, J. In this case, no exception or assignment of error appears, in terms or by implication, in the case stated or settled on appeal, or in the record proper. This is conceded, but on the argument the counsel for the appellants insisted that inasmuch as the statute (*The Code,* § 957,) provides that, "In every case the Court (this Court) may render such sentence, judgment and decree, as, on inspection of the whole record, it shall appear to them ought, in law, to be rendered therein," &c., it becomes the duty of this Court to scrutinize all such matters and things as may occur and be noted on the record in the course of the action, including the trial, whether error be assigned or not. This is a misinterpretation of the statutory provision cited. It refers only to such constituent matters of the action as must necessarily go upon and constitute the record of it, and which the Court sees and must take notice of, such as the pleadings, the verdict, and the judgment; it does not refer to such matters and things as are of, but incident to the action. and do not necessarily go upon the record, such as the rulings of the Court upon questions arising upon motions, evidence, its instructions to the jury, and the like. Such matters as those last mentioned, do not go upon and become part of the record, unless the correctness of the decisions of the Court,

upon them is questioned, in which case, they are made part
of the record, to the end, the complaining party may enter
his objections, and the grounds thereof, and assign error.
Such decisions of the Court are presumed to be correct and
acceptable to the parties, in the absence of objections so
made. But as to the essential parts of the record, as pointed
out above, the Court will, *ex mero motu,* take notice of errors
apparent in it, correct them and enter such judgment as in
law ought to be rendered  The reason is, that it is the first
and imperative duty of the Court, to render only such judg-
ment as the law, upon the facts ascertained, allows and will
sanction. If what it must necessarily see in the record of
the action is erroneous, it will correct the error, although it
be not assigned. If there be error in such matters as are not
necessarily of the record, it cannot see and correct the same,
unless and until it shall be assigned. Hence Chief Justice
RUFFIN said in *Gant* v. *Hunsucker,* 12 Ired., 254: "But
though that be the opinion of the Court, it is not now open
to the plaintiff to complain of that error, because he took no
exception to it on the trial. For the best reasons it is en-
tirely settled, that the Court can take no notice of an error
not apparent in the record, that is, in the pleadings, verdict,
or judgment, unless the appellant excepted to it at the trial.
Besides the presumption, that every thing was done right
until the contrary be alleged, there is another, that, for pur-
poses of his own, the party assented to or acquiesced in every
opinion of the Court to which he did not at the time except."
*King* v. *King,* 4 Dev. & Bat., 164.

Error, as has been decided in many cases, must be assigned
in the case stated, or settled on appeal, or in the record of
the cause, or proceedings in the action, unless the errror
is apparent in the essential parts of the record, as pointed
out above.

The counsel of the appellant cited *State* v. *Reynolds,* 95
N. C., 616, as a case in which no error was assigned as to

the instructions given by the Court to the jury, but nevertheless, this Court examined the instructions sent up, and discovered and corrected error therein. The report of the case in this respect is misleading. It is said in the report, that "the case on appeal did not show that any exception was made to the charge below." This is a mistake. On reference to the record, we find that Justice ASHE, who delivered the opinion, did not say, in his statement of the case, that error was not assigned, and it also appears that exception to the charge was expressly taken.

In this case, error in the record is not apparent, nor is error assigned in the record, or in a case stated or settled on appeal. The judgment must therefore be affirmed.

Judgment affirmed.