UPPER APPOMATTOX COMPANY v. W. H. BUFFALOE et al.

*Action on Constable's Bond for Escape—Void Process—Execution—Town Constable—Practice—Error Apparent on Record.*

1. This Court is bound to correct errors that appear on the face of the record on appeal whether they were excepted to below or not.
2. A town or city constable cannot execute process outside of his town or city unless such process is directed to him in the name of the office he holds,—that is, as constable of his town or city.
3. A constable is not liable on his official bond for the release of a prisoner arrested by him on void process.

CIVIL ACTION on the official bond of defendant as constable of the town of JACKSON for damages for the release of a defendant in his custody under an execution against the prisoner, tried before *Bryan, J.*, at October Term, 1896, of NORTHAMPTON Superior Court, on a case agreed, the essential facts of which appear in the opinion of the Court. There was judgment for the defendant and plaintiff appealed.

*Mr. R. B. Peebles*, for plaintiff (appellant).
*Messrs. MacRae & Day*, for defendants.

MONTGOMERY, J.: The plaintiff's counsel contended that the court could not consider the objection argued here, because it was not taken below; that the officer who executed the final process in his hands by arresting the defendant in the execution was constable of the town of Jackson, and that he made the arrest in Garysburg, twelve miles from Jackson, the process not having been directed to him as constable of the town of Jackson. The contention is not sustained.

Errors that do not appear in the record proper must be excepted to in the court below in the proper manner and at the proper time, if it is desired that they shall be reviewed here; but this court is bound to take notice of and to correct

errors that appear on the face of the record. *Thornton* v. *Brady*, 100 N. C., 38. The matter is before the court on a case agreed and the whole of that paper is an essential part of the record, as much so as the judgment which is pronounced upon it. In the case agreed it appears that the execution under which the defendant was proceeding was directed "To any constable or other lawful officer—greeting;" and not to the constable of the town of Jackson; that he arrested the defendant in the execution, in Garysburg, twelve miles from Jackson. In *Davis* v. *Sanderlin*, 119 N. C., 84, the court decided that "to authorize a town or city constable to execute process outside of his town or city, the process must be directed to him in that capacity. It is not necessary that the process should be directed to him in his individual name as town or city constable, but it must be directed to him in the name of the office he holds, that is, as constable of a certain city or town." In the case before us the defendant was not authorized to execute the process, the execution, under which he was acting and is therefore not liable to the plaintiff or to any one else for releasing the defendant.

Affirmed.