J. F. GRIFFITH v. M. H. RICHMOND.

(Decided April 17, 1900.)

*Claim and Delivery—Affidavit—The Code, Sections 322, 890*
    *—Chattel    Mortgage—Note—Evidence—Debt—Issues*
    *—Judgment—Special Instruction.*

1. The affidavit required by The Code is indispensable to maintain
   claim and delivery. Secs. 322, 890.
2. The note secured is to be proved. Chattel mortgage, when registered
   proves itself, and will estop the mortgagor to deny his respon-
   sibility for the forthcoming of the property when called for to
   be applied to the debt.
3. Where the action is brought to recover property conveyed to secure
   a debt, in order to avoid circuity of action, when the debt is
   denied, the issues and judgment should cover the whole case,
   including balance due upon the debt.
4. For the benefit of the sureties upon the undertaking the value of the
   property at time of seizure should also be ascertained, as they are
   liable for such value, not exceeding the indebtedness secured.
5. A charge, if wanted, must be asked for.

CLAIM AND DELIVERY by appeal from Justice's Court,
heard before *Robinson, J.,* at February Term, 1900, of the
Superior Court of FORSYTH County, upon the following issue:
Is the plaintiff the owner and entitled to the immediate pos-
session of the property described in the mortgage? Answer.
"Yes."

Judgment was rendered in favor of plaintiff for the pos-
session of the property described.

Defendant excepted, and appealed.

The case appears in the opinion.

*Messrs. Jones & Patterson,* for appellant.
*Mr. L. M. Swink,* for appellee.

GRIFFITH v. RICHMOND.

CLARK, J.   This is an action begun before a Justice of
the Peace to obtain possession of personal property alleged to
be $50 in value, embraced in a chattel mortgage.   The record
does not show that the affidavit required by The Code, secs.
890 and 322, was made, which is indispensable (*Hirsh v.
Whitehead,* 65 N. C., 516), but it was probably made, as no
point was raised for its omission, either in the Superior or in
this Court.   In the Superior Court upon appeal, the plain-
tiff did not prove execution of either note or mortgage, but
offered in evidence the chattel mortgage, with certificate of
probate and registration, and the note described therein, and
rested.   The defendant's demurrer to this evidence was over-
ruled.   (Exception.)   Defendant also excepted because the
Court instructed the jury that the chattel mortgage, having
been probated and registered, this was *prima facie* evidence
of its execution.   The instruction was correct; *Love v. Har-
bin,* 87 N. C., 249; The Code, secs. 1251, 1271, subject to
rebuttal (*Helms v. Austin,* 116 N. C., 751), and defendant
offered no evidence.

The mortgage duly registered, in absence of proof in rebut-
tal or of payment, entitled the plaintiff to judgment for the
possession of the property described in the mortgage, if any
sum, however small, was still due upon it, and the burden to
prove payment was upon the defendant.   *Jordan v. Farthing,*
117 N. C., 181.

The defendant further excepted because the Judge "failed
to charge" the jury that there was no evidence that the defend-
ant was then or ever had been in possession of the property.
The mortgage itself estopped the defendant to deny that he
was responsible for the forthcoming of the property, when
called for to be applied to the debt, and in failing to do so he
would be responsible for the value of the property not to
exceed the amount of the debt.   Besides, an omission to

charge is not ground of exception unless an instruction on that point is asked and refused. Clark's Code (3d Ed.), sec. 412 (3), and numerous cases cited on page 514. Indeed, the bond given in this action by the defendant to retain possession of the property is an admission of such possession since action begun.

The note was not proven and was improperly admitted in evidence, but the mortgage admitted an indebtedness, greater than the $50, which sum the complaint and the admission of the parties stated the value of the property would not exceed. The judgment as rendered is not for the debt, but merely for the possession of the property, and if it be not delivered, for recovery of the penalty of the defendant's undertaking "to be discharged upon payment of $50, and the costs of the action." This judgment is erroneous in that the value of the property was not ascertained beyond the admission that it "does not exceed $50." It was also error to refuse to submit an issue as to the amount of the indebtedness. It is true that upon the issue actually submitted, "Is the plaintiff the owner and entitled to possession of the property?" evidence could have been offered whether anything was due or not, and if anything, the plaintiff was entitled to recover possession. But the recovery of the property is here sought to be applied upon a debt, and the defendant, as he desired, had a right to have the amount thereof ascertained in this action to prevent circuity of action, that he or his sureties might, if they chose, pay off the debt and relieve the property. When the case goes back the value of the property at the time of seizure should also be ascertained, as the sureties are only liable on their undertaking for such value, not exceeding however the indebtedness secured. Code, secs. 326 and 431; *Hall v. Tillman,* 103 N. C., 276.

No exception was taken for refusal to submit an issue as

to the value of the property, but when the value of the property was neither admitted nor found by issue, judgment for the amount of the undertaking "to be discharged upon payment of $50," is error upon the face of the record to be taken advantage of without exception. *Thornton v. Brady,* 100 N. C., 38; *Murray v. Southerland,* 125 N. C., 175; *Huntsman v. Lumber Co.,* 122 N. C., 583. The action was brought simply for recovery of the property, but it being for property conveyed to secure a debt and the indebtedness being denied, issues and judgment should have covered the whole case. *Taylor v. Hodges,* 105 N. C., 344.

Error.