F. B. ULLERY ET AL. v. WILLIAM A. GUTHRIE.

(Filed 14 October, 1908.)

1. **Appeal and Error—Assignment of Error of Record—Appeal from Judgment.**

When the appeal calls in question only the correctness of the judgment no summary of exceptions under Rule 19 (2) is required by Rule 21, because it is error on the face of the record. Otherwise a demurrer is sustained or overruled, for Revisal, sec. 475, provides that the demurrer shall distinctly specify the grounds of objection to the complaint.

2. **State's Land—Entry—Same Lands—Dispute as to County—Procedure.**

When the defendant, under Revisal, sec. 1905, is claiming to lay an entry, and asks a grant for land admitted to be the same as contained in plaintiff's grant, the plaintiffs entering their

protest that the land lay in a certain county, and the defendant
contending that the protest should be dismissed for that it lay in
a different county, relief can be had in the pending cause, and·
it is not necessary to resort to an action of ejectment after de-
fendant has perfected his grant.

ACTION heard by *Neal, J.,* at May Term, 1908, of NEW
HANOVER.

Plaintiffs appealed.

*C. Ed. Taylor* for plaintiffs.
*Guthrie & Guthrie* for defendant.

CLARK, C. J.   Rule 21 of this Court provides: "A case
will not be heard until there shall be put in the record, as
required in Rule 19 (2), the summary of exceptions taken
on the trial and those taken in ten days thereafter to the
charge.   Those not thus set out will be deemed to be aban-
doned."   Rule 20 prescribes the action which the Court may
take if this is not done.

This is a reasonable and just rule, which obtains doubt-
less in all appellate courts, and is the result of experience
which has shown the benefit of thus indicating at a glance·
to opposing counsel, and the Court as well, the propositions
of law which will be debated.   It imposes no burden on the
appellant thus to sift out of the numerous exceptions, taken
out of abundant caution on the trial, those which he will rely
upon and discuss upon appeal.   We can add nothing to what
has been said by this Court in *Lee v. Baird,* 146 N. C., 362.
It is indispensable in all courts that there should be some
rules of practice, else there will be hopeless disorder and con-
fusion.   It is, for the same reason, not so important what the
rules are as that the rules, whatever they may· be, shall be
impartially applied to all, and that changes shall be prospec-
tive by amendment to the rules, and not retroactive by grant-
ing exemption to some which has been denied to others.

It has always been held that an appeal is itself a sufficient
exception and assignment of error to the judgment, for that is

a matter appearing upon the face of the record proper, and as to errors on the face of the record no exception is required. Revisal, sec. 1542. This is fully discussed in *Thornton v. Brady,* 100 N. C., 38, which has been repeatedly cited since. But if an exception and assignment of error to the judgment were necessary, the appeal itself is a sharp assignment that the facts found or admitted do not justify the judgment. *Appomattox Company v. Buffalo,* 121 N. C., 37; *Murray v. Southerland,* 125 N. C., 176; *Delozier v. Bird,* 123 N. C., 692; *Cummings v. Hoffman,* 113 N. C., 269. Of course, if the appeal is an exception to the judgment, it is on the ground that the facts found or admitted do not justify the judgment. And when there are no other exceptions in the case this one exception cannot be grouped.

It has been urged that if an appeal is itself an exception to the judgment, and when it is the only exception it cannot be grouped, that, therefore, when a demurrer is sustained or overruled the appeal from such judgment is a sufficient assignment. It would be but for the fact that Revisal, sec. 475, provides: "The demurrer shall distinctly specify the grounds of objection to the complaint. *Unless it does so, it shall be disregarded.*" Therefore, on appeal from a judgment on a demurrer, the assignment of error should specify which of the grounds set out in the demurrer will be relied upon on appeal. If only one, that should be specified, else the demurrer is general and therefore "to be disregarded." Revisal, sec. 475. A demurrer cannot state generally that a complaint is invalid, but must specify wherein. When the demurrer is on the ground that the complaint does not state a cause of action or that the court does not have jurisdiction, it may be taken *ore tenus,* and Rule 27 provides that such exceptions can be taken for even the first time in this Court, and, indeed, if not assigned, the Court should take notice of it *ex mero motu.*

An appeal is of itself an exception to and assignment of error in the judgment, and when there is (as in this case)

no other assignment of error, it is incapable of being grouped, and the motion to dismiss for noncompliance with Rule 21 must be denied.

The defendant made an entry of "Battery Island," which he claims is in New Hanover. The plaintiffs entered their protest, on the ground that they held the grant for said "Battery Island" as lying in Brunswick County. It is not controverted that the protestants hold such grant, and that it is valid if "Battery Island" lies in Brunswick. Nor is it controverted that "Battery Island," entered by the defendant, is the same *locus in quo* for which the protestants hold a grant.

The defendant contends that the protest should be dismissed because, though it is the same *locus in quo,* his entry describes it as being in New Hanover, and that he should be allowed to go on and take out his grant, leaving the question whether the island lies in New Hanover or Brunswick to be tested in another action. The protestants contend that, the *locus in quo* being the same "Battery Island," and Revisal, sec. 1709, providing "if any person shall claim title to, or an interest in land covered by the entry, etc.," the plaintiffs can file protest and proceed, as they have done.

If it be conceded, as the defendant contends, that the validity of his entry and of protestants' grant depends upon whether "Battery Island" lies in New Hanover or Brunswick, we can conceive of no reason why that fact cannot be determined upon an issue submitted to the jury in this case fully as well as it could be if the defendant were permitted to go on to perfect his grant and test the question in an action of ejectment. The law does not love multiplicity of suits or circuity of action, but will give relief when it can be done without prejudice in a pending action. It is true, as defendant contends, that if the island does not lie in New Hanover the grant he seeks will be void; but there is no reason why that question should not be determined in this proceeding.

We are not inadvertent that the plaintiffs contend that, by virtue of Revisal, sec. 737, "not knowing the county line," even if they hold under a grant describing the land as lying in Brunswick, when in truth it lies in New Hanover, their grant is good and valid. The defendant relies upon *Harris v. Norman,* 96 N. C., 62. But that point was not passed on and, indeed, cannot arise unless and until it is found as a fact that "Battery Island" lies in New Hanover. For all that now appears, it may lie in Brunswick. The defendant, in the language of Revisal, sec. 1709, is claiming to lay an entry and is asking a grant for the identical land named and described in the grant held by the plaintiffs. The protest having been dismissed on the ground that the complaint did not state a cause of action, that is the only point presented, and that ruling is

Reversed.