P. H. DURHAM v. T. Y. HAMILTON ET AL.

(Filed 20 April, 1921.)

**1. Judgments—Scope of Inquiry.**

An adversary judgment is only the conclusion of law from the facts admitted or established by the verdict, and must be within the scope and purport of the facts so ascertained and determined; and a judgment that goes further is irregular at least, and may. at times be held entirely invalid.

**2. Same—Nuisance—Appeal and Error.**

Where entered in the scope of the inquiry and upon properly established facts, a judgment for damages and an order restraining the defendant from maintaining a slaughter-house and connecting hog and cattle pen, as a nuisance affecting plaintiff's property, is a proper one; but where the judgment goes further and uses the additional words, "or otherwise," such words may be construed and operate to prevent the defendant from using his property in a manner entirely proper and harmless to plaintiff, and will be ordered stricken out on appeal.

APPEAL by defendants from *Ray, J.,* at October Term, 1920, of GUILFORD.

The action is to recover damages for an alleged nuisance affecting the property of plaintiff, and to restrain the further continuance of same, caused by the wrongful and improper maintenance by defendants of a slaughter-house on a stream just above plaintiff's land, and aggravated by the condition of certain hog-pens, etc., as maintained in connection with said slaughter-house, and causing damage, etc. On denial of liability, the jury rendered the following verdict:

"1. Did the defendants erect and maintain the nuisance as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover? Answer: '$600.'"

Judgment for amount of damages and that defendants be restrained, etc. Defendants except and appeal.

*R. C. Strudwick, Wilson & Frazier, J. M. Hedgecock* for plaintiff.

*T. W. Albertson, King, Sapp & King, Brooks, Hines & Kelly* for defendant.

HOKE, J. We find no error in the record affecting the determination of the issues, but the judgment in our opinion goes farther than the verdict warrants. As applied to the facts of this record, an adversary judgment is but the conclusion of the law from the facts admitted, or as established by the verdict, and must be within the scope and purport

of the facts so ascertained and determined. Beyond that, the judgment is at best irregular and may at times be held entirely invalid. *Holloway v. Durham,* 176 N. C., 550; *Hobgood v. Hobgood,* 169 N. C., 491; *Williams v. Alexander, etc.,* 74 N. C., 1; *Whitwell v. Hoover & Emory,* 3 Mich., 84; *S. v. Muench,* 217 Mo., 124; 15 R. C. L., 569, title, Judgments, sec. 2.

In *Holloway v. Durham, supra,* it is held "That an adversary judgment of the court upon matters beyond the scope of the pleadings and which undertakes to settle and determine those entirely foreign to the controversy is to that extent not binding, etc."

In *S. v. Muench, supra,* a judgment is defined as the "Sentence of the law upon the record; an application of the law to the facts and pleadings." A very proper and succinct definition is given in *Whitwell v. Hoover & Emory, supra,* "That a judgment is the final consideration and determination of a court of competent jurisdiction upon the facts submitted to it." And again, in the citation to R. C. Law, it is said: "A more precise definition is that a judgment is the conclusion of the law upon the matters contained in the record or the application of the law to the pleadings and the facts as found by the court or admitted by the parties, or deemed to exist upon their default in a course of judicial proceedings."

On the present record, after awarding a recovery for the damages suffered, and that the further maintenance of the nuisance be restrained, the judgment proceeds as follows: "And defendants are further ordered and directed not to use or maintain or permit the use and maintenance on said premises of any hog-pen or cattle pen for use in connection with said slaughter-house or otherwise." The condition and manner of conducting the hog-pens and cattle pens "in connection with the slaughter-house" were very clearly shown to be a part of the nuisance and in great aggravation to the injury, and were properly prohibited, but in extending this prohibition by the term "or otherwise" this might very well be construed and operate to prevent the defendants from using their property in the respects suggested as required by the course of good husbandry and in a way entirely harmless to plaintiff. To that extent we think the judgment is unauthorized by the facts established, and same should be modified by striking out the words "or otherwise." With this modification the judgment is

Modified and affirmed.