Civil action to restrain the defendants from holding a special election in the city of Charlotte on 19 May, 1934, the same having been called for the purpose of submitting to the qualified voters of the municipality the following questions:
"Shall an ad valorem tax not greater than ten (10) cents on the one hundred (100) dollar valuation of taxable property in the city of Charlotte be levied and collected annually, if found necessary, as a supplemental fund for school purposes from year to year?"
The court found, upon evidence submitted at the hearing, that the funds to be derived from the proposed levy were not limited to *Page 914 
increasing the standard of the State's eight-months school term, but, by specific resolution, the authorization is "to provide for a term of not more than 180 days, and/or, in the discretion of said board of school commissioners, to supplement any object or item of school expenditure." True, a separate resolution of the school commissioners proposes to restrict the use of said funds to an eight-months term for the year. 1934-35. But this was not made a part of the petition requesting the election, and the resolution, in terms, limits such proposal to one year, while the tax, if approved, is to be levied from year to year.
It was further found, upon additional facts appearing in the judgment, and unchallenged by any exceptions, that the election could not properly be held, at the time designated, under section 17, chapter 562, Public Laws of 1933. Whereupon the prayer of the complaint was granted and the election enjoined.
Defendants appeal, assigning the judgment as error.
A careful consideration of the record, and especially the unchallenged findings made by the trial court, leaves us with the impression that no exceptive assignment of error appears upon which the judgment can be reversed. It will, therefore, not be disturbed.
It is observed that the approval of the State School Commission, as provided by section 17, chapter 562, Public Laws of 1933, nowhere appears of record; and further that the use of the words "and/or" in said section adds nothing to its clarify if it does not create an ambiguity as to who shall request the tax-levying authorities to call the election.
Affirmed.