W. C. MORELAND v. WICKES WAMBOLDT, MAYOR AND COUNCILMAN, AND PLOTT BOYD ET AL., COUNCILMEN OF THE CITY OF ASHEVILLE, AND F. A. TURNER ET AL., INTERVENERS.

(Filed 20 March, 1935.)

1. **Appeal and Error E h—**

Where a judgment entered in the cause is stricken out and another judgment entered in lieu thereof, exceptions to the signing of the first judgment and to the findings supporting such judgment are unavailing on appeal.

2. **Appeal and Error F b—**

An exception to the signing of the judgment appealed from, without exception to the findings of fact or the failure to find facts supporting such judgment, confines the appeal solely to whether error is apparent in the record proper.

3. **Mandamus A d—Mandamus will lie to compel exercise of discretionary powers but court may not direct decision to be made.**

The charter of a city directed the city council, upon the filing of a proper petition, to pass the ordinance proposed in the petition or to submit the proposed ordinance to the qualified voters of the city. Ch. 121, art. 12, sec. 83, Private Laws of 1931. In an action against the city councilmen, judgment that they should pass an ordinance proposed in a petition duly filed is erroneous as an interference with the discretion vested in the council.

APPEAL from *Finley, J.,* at December Term, 1934, of BUNCOMBE. Reversed.

*J. Scroop Styles and James S. Styles for plaintiff.*
*C. E. Blackstock for defendants.*
*Joseph L. Auten for interveners, appellants.*

SCHENCK, J. This was a civil action wherein the plaintiff W. C. Moreland sought to have a writ of *mandamus* issued to the mayor and councilmen of the city of Asheville directing them to proceed in accord with section 83, article 12, chapter 121, Private Acts 1931 (charter of

the city of Asheville), to call an election upon a proposed ordinance relative to water rates and meter rents, petitioned for by the number of voters required by the statute.

On 14 November, 1934, Judge Finley found "that the petition and ordinance set forth in the complaint was in all respects in full compliance with the requirements of the charter," and ordered the council of the city of Asheville to call an election upon the proposed ordinance within 45 days, as provided by the charter. Later, on motion of the plaintiff, without finding any facts and without being requested to find any facts, Judge Finley struck out his former judgment and entered in lieu thereof a judgment directing the council of the city of Asheville to adopt the proposed ordinance. This judgment was dated 11 December, 1934, but was not filed until 21 December, 1934, being, by consent, signed out of term and out of the district.

On 21 December, 1934, Judge Pless, upon motion theretofore filed by the interveners on 20 December, 1934, and after due notice to the plaintiff and defendants, and after finding that they were property owners and taxpayers in the city of Asheville and were proper parties to the action, allowed said interveners, namely, F. A. Turner, John S. Suddreth, and A. F. McGraw to become parties defendant for the purpose of appealing from the last judgment of Judge Finley. From this order there was no appeal.

By virtue of the authority conferred by the order of Judge Pless, the interveners appealed to the Supreme Court from the judgments of Judge Finley, making three assignments of error, as follows: (1) The finding in the judgment of 14 November, 1934, that "the petition and ordinance set forth in the complaint was in all respects in full compliance with the requirements of the charter"; (2) "the signing of the judgment of 14 November, 1934"; and (3) "the signing of the judgment of 11 December, 1934."

The first and second assignments of error cannot avail the appellants, since the judgment of 14 November, 1934, to which they relate, was "cancelled and nullified," and the judgment of 11 December, 1934, "entered in lieu thereof."

There is left for consideration only the third assignment of error, which is to "the signing of the judgment of 11 December, 1934." Conceding, but not deciding, that an ordinance such as that proposed was embraced within the intent of the statute, the judgment, in the absence of any exception to the findings of fact or to the failure to find facts, should be affirmed, *Henderson v. Hardware Co.*, 204 N. C., 775, unless there is error apparent in the record proper, that is, in the pleadings, verdict, or judgment. *Thornton v. Brady,* 100 N. C., 38; *Dixon v. Osborne,* 201 N. C., 489. Hence, we are confronted with the single question: Is the judgment of Finley, J., of 11 December, 1934, void

by reason of errors apparent in the record proper? We are constrained to answer the question in the affirmative.

Section 83, article 12 of chapter 121, Private Laws of 1931 (charter of the city of Asheville), which the plaintiff invoked in his complaint for a writ of *mandamus,* reads as follows: "Any proposed ordinance may be submitted to the council by a petition signed by registered voters of the city as shown by the registration books for the last preceding election of municipal officers therein (in no event less than one thousand) equal to fifteen per cent of one-ninth of the total of all votes cast for members of the city council at the next preceding municipal election. The signatures, residence, addresses, verifications, filings, authentications, inspections, certifications, amendments, and submission of such petition shall be the same as hereinafter provided in this article for petitions for the recall of officials. If the petition accompanying the proposed ordinance be signed by the requisite number of voters and contains a request that said ordinance be passed or submitted to a vote of the electors if not passed by the council, such board shall within fifteen days after such petition is submitted to it, either:

"(a) Pass such ordinance without alteration, or

"(b) Submit the ordinance to the qualified voters at a special election called for that purpose and held not more than forty-five days after the date of such call, or at a general election occurring within ninety days after the date of the certificate of the chairman of the board of elections."

It will be noted that the filing of the petition places upon the council alternative duties, namely: *"Either* pass such ordinance without alteration, *or* submit the ordinance to the qualified voters . . ." Which of the two courses it will pursue, pass the ordinance *or* submit it to the electorate, is left to the discretion of the council. The judgment of Judge Finley, which in its very nature is a *mandamus,* directing "that the mayor and city council of the city of Asheville be and they are hereby directed to adopt the ordinance, . . ." was, therefore, an erroneous interference with the discretion vested in the council by the charter.

The law apposite to this situation is clearly and definitely stated in the case of *Battle v. Rocky Mount,* 156 N. C., 329, in these words: "The rule may be thus briefly stated: *Mandamus* extends to all cases of neglect to perform an official duty clearly imposed by law, when there is no other adequate remedy. While the court may not control the official discretion of the board, it may compel the reluctant officers to exercise it; and while it cannot direct them in what manner to decide, it may set them in motion and require them to act in obedience to law." See, also, *Dula v. School Trustees,* 177 N. C., 426, and cases there cited.

Reversed.