### STATE v. J. S. WILLIAMS.

(Filed 20 May, 1936.)

**Indictment B b—Indictment charging several separate offenses under statute with disjunctive "or" held void for uncertainty.**

Defendant was indicted under ch. 477, Public Laws of 1935, making it unlawful to manufacture, possess, have under control, sell, prescribe, administer, dispense, or compound any of certain narcotic drugs. The indictment followed the words of the statute and charged defendant in one count with the commission of the several acts forbidden, the several offenses being charged by the use of the disjunctive "or." *Held:* It is impossible to ascertain from the indictment which of the several separate offenses defendant was charged with committing, the indictment failing to charge the commission of each of them, since the disjunctive "or" is used, and defendant's motion to quash the indictment for uncertainty should have been allowed.

APPEAL from *Pless, J.,* at September Term, 1935, of GUILFORD. Reversed.

Prior to the reading of and the plea to the bill of indictment, and prior to the impaneling of the jury, the defendant moved to quash the bill of indictment, and, upon the motion being denied, reserved exception.

The bill of indictment is as follows:

"The Jurors for the State, upon their oath, present: That J. S. Williams, late of the County of Guilford, on the 16th day of June, in the year of our Lord, one thousand nine hundred and thirty-five, with force and arms, at and in the county aforesaid, unlawfully, willfully, and

feloniously did possess, manufacture, have under his control, sell, prescribe, administer, *or* dispense a narcotic drug, to wit: Cannabis, against the form of the statute in such case made and provided, against the peace and dignity of the State."

The verdict rendered was "Guilty as alleged in the bill of indictment."

From judgment of imprisonment the defendant appealed, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*Frazier & Frazier and Yarborough & Yarborough for defendant, appellant.*

SCHENCK, J. The bill of indictment was drawn to charge a violation of chapter 477 of the Public Laws of 1935, the two first sections of which are as follows: "Section 1. That the following words and phrases as used in this act shall have the following meanings unless the context otherwise requires: . . . (o) 'Narcotic Drugs' means coca leaves, opium, cannabis, and every substance not chemically distinguishable from them. . . . Sec. 2. It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, *or* compound any narcotic drug, except as authorized in this act."

We are of the opinion, and so hold, that his Honor erred in denying the motion of the defendant to quash the bill of indictment upon the ground that it charged in one count several separate and distinct offenses in the disjunctive and was thereby rendered void for uncertainty. It cannot be determined from a reading of the bill whether it was meant to charge the defendant with possessing cannabis, or with manufacturing cannabis, or with having under his control cannabis, or with selling cannabis, or with prescribing cannabis, or with administering cannabis, or with dispensing cannabis. If it should be said that the purpose was to charge all of the offenses just enumerated, the answer is that the bill does not make such a blanket charge—the conjunction "and" instead of the disjunctive "or" was required to make such a charge. The expediency for such holding is clearly demonstrated by the result of the trial of this case, wherein the verdict was "guilty as alleged in the bill of indictment." If this verdict be interpreted as finding the defendant guilty of *some* of the charges in the bill, then it is void for uncertainty, since it does not indicate upon which of the charges the jury found the defendant guilty, and if the verdict be interpreted as finding the defendant guilty of *all* the charges in the bill, then the defendant would stand

convicted of at least some offenses of which there was no evidence. One might well have in his possession a narcotic without having manufactured it, and, likewise, one might have under his control a narcotic and not sell it or prescribe it.

If an indictment follows the language of the statute, it is usually sufficient and proper, "but the object of all indictments is to inform the person with what he is charged, as well as to enable him to make his defense, as to protect him from another prosecution from the same criminal act. It should therefore be reasonably specific and certain in all its material averments. . . . It is not always sufficient to pursue the words of the statute." *S. v. Hill,* 79 N. C., 656.

"The general rule is well settled that an indictment or information must not charge a party disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him. Two offenses cannot be alleged alternatively in the same count. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative." 31 Corpus Juris, pp. 663-664. "Where a statute makes it an offense to do this or that or the other, mentioning several things disjunctively, the whole may be charged conjunctively, and the defendant may be found guilty of either one, and it is generally held to be fatal to charge disjunctively in the words of the statute." 14 R. C. L., par. 33, p. 188. "The rule is that whenever 'or' would leave the averment uncertain as to which of two or more things is meant, it is inadmissible; then 'and' may be employed in its stead if it makes the called-for sense." Bishop's New Criminal Procedure (2d Ed.), Vol. 2, par. 585, p. 462.

"As a general rule, it is sufficient in framing an indictment upon a statute to use the very words of the statute; but this rule is not without exception, for where a statute, in enumerating offenses, charging intent, etc., uses the disjunctive *or,* it is common to insert the conjunctive *and* in its stead in the bill of indictment, for alternative or disjunctive allegations make the bill bad for uncertainty. . . . It is common to insert several counts in order to meet the different views which may be presented by the evidence, but alternative allegations in the same count make it bad for uncertainty." *S. v. Harper,* 64 N. C., 129.

Reversed.