STATE v. JAY L. INGLE.

(Filed 12 October, 1938.)

1. **Plumbing and Heating Contractors § 2—Journeyman plumber held not to carry on business of plumbing and heating contractor within penal provisions of statute.**

A journeyman plumber, contracting and agreeing with various persons to perform labor required to install certain plumbing at a stipulated lump sum price, and who does not maintain a fixed place of business or sell or contract to furnish materials, supplies or fixtures of any kind, and who fails to obtain a license from the State Board of Examiners of Plumbing and Heating Contractors, is not guilty of a misdemeanor under the provisions of sec. 10, ch. 52, Public Laws of 1931, since his occupation does not constitute carrying on the "business of plumbing and heating contracting" within the meaning of the penal provisions of the statute.

2. **Statutes § 8—**

Penal provisions of a statute must be strictly construed.

3. **Indictment § 9—**

The use of "and/or" in a warrant disapproved.

APPEAL by State from *Alley, J.,* at June Term, 1938, of BUNCOMBE.

Criminal prosecution tried upon warrant charging the defendant with "carrying on the Plumbing and/or Heating contracting business, without having obtained a license to carry on the business of Plumbing and Heating contracting in this State."

There was a special verdict in which it was found that the defendant was duly licensed as a journeyman plumber in the city of Asheville; that at sundry times he contracted and agreed with various persons to perform labor required to install certain plumbing at a stipulated lump sum price for his labor, but at no time has the defendant entered into any contract or agreement which involved or contemplated the furnishing by him of any materials, supplies or fixtures of any kind; that he maintains no office, shop, or fixed place of business; nor does he own, sell or offer for sale any plumbing or heating supplies or fixtures, and that the defendant has never been licensed by the State Board of Examiners of Plumbing and Heating Contractors.

Upon this special verdict, the defendant was declared "not guilty," from which ruling the State appeals, assigning error.

*Attorney-General McMullan for the State, appellant.*
*Brooks, McLendon & Holderness, amicus curiœ.*
*Adams & Adams for defendant, appellee.*

STACY, C. J.   It is provided by ch. 52, Public Laws 1931, sec. 6, that in cities of more than thirty-five hundred inhabitants, persons, firms or corporations desiring to enter into or carry on "the Plumbing and/or Heating Contracting business," shall first apply to the State Board of Examiners of Plumbing and Heating Contractors for examination and license, at least thirty days prior to "engaging in said business."

In section 8, it is provided that the board shall have power to revoke the license of any "Plumbing and/or Heating Contractor," who, after hearing, is found to be guilty of any fraud or deceit in obtaining license, or gross negligence, incompetency or misconduct in the carrying on of the business of "Plumbing or Heating Contracting."

And in section 10 of the act it is provided that "Any person   .   .   . who has not been licensed to carry on the business of Plumbing and Heating Contracting in this State, according to the provisions of this act, or who shall practice or offer to practice or carry on said business .   .   .   shall be guilty of a misdemeanor," etc.

It is the position of the defendant, and his view prevailed in the court below, that section 10 of the act in question, imposing criminal liability, applies only to those who have not been licensed to carry on the business of "Plumbing and Heating Contracting" in this State, and who practice, or offer to practice, or carry on "said business"; and that a journeyman plumber does not come within the terms of this section.   It must be conceded that the language of the act supports the defendant's position. A journeyman plumber, as defined on the instant record, is not one who is engaged in the business of "plumbing and-heating contracting."   At any rate, it could hardly be said the defendant here is practicing, or offering to practice, or carrying on "said business."

In construing the penal section of a statute, the rule is, that everything not fairly within the scope of the language used is to be excluded from its operation.   *S. v. Whitehurst,* 212 N. C., 300, 193 S. E., 657; *U. S. v. Wiltberger,* 5 Wheat., 76; 25 R. C. L., 1076.

Whether the defendant comes under sections 6 and 8 of the act is not before us for decision.   *Roach v. Durham,* 204 N. C., 587, 169 S. E., 149.

While there was no motion to quash the warrant, it may not be amiss to observe that it charges the defendant with "carrying on the Plumbing and/or Heating contracting business."   *S. v. Williams,* 210 N. C., 159, 185 S. E., 661; *S. v. Van Doran,* 109 N. C., 864, 14 S. E., 32.   The use of "and/or" in the warrant adds nothing to its clarity.   *Freeman v. Charlotte,* 206 N. C., 913, 174 S. E., 453; 3 C. J. S., 1069.

The correct conclusion has been reached on the record as presented.

No error.