G. H. GIBSON v. THE CENTRAL MANUFACTURERS' MUTUAL INSURANCE COMPANY.

(Filed 29 November, 1950.)

**1. Insurance §§ 25c, 50—**

Avoidance of a policy for false representations is an affirmative defense upon which insurer has the burden of proof.

**2. Insurance §§ 25d, 50—**

Insurer cannot be entitled to nonsuit because of its evidence establishing an affirmative defense.

**3. Trial § 24a—**

Nonsuit cannot be granted in favor of the party upon whom rests the burden of proof, and therefore defendant's evidence establishing an affirmative defense cannot entitle it to nonsuit.

**4. Appeal and Error § 6c (5½)—**

A general exception to the issues when taken in connection with an exception to a portion of the charge which points out the deficiency in one of the issues, *is held* sufficient to present the matter for review.

**5. Appeal and Error § 6c (2)—**

An appeal is in itself an exception to the judgment and any other matters appearing in essential parts of the record, such as the pleadings, verdict, and judgment, and therefore presents the question whether the judgment is supported by the verdict, *a fortiori* where there is an exception to the judgment.

**6. Appeal and Error § 6c (1)—**

Where error is manifest on the face of the record, even though it be not the subject of an exception, the Supreme Court may correct it *ex mero motu*. G.S. 7-11.

**7. Judgments § 17a—**

A judgment is a conclusion of law upon facts admitted or in some way established, and therefore a judgment cannot be entered properly upon an ambiguous verdict.

**8. Trial § 36—**

The issues should be certain and import a definite meaning free from ambiguity, and therefore an issue connecting two separate propositions by "and/or" is in the alternative and is inconclusive, and a finding thereon by the jury is insufficient to support a judgment.

Johnson, J., took no part in the consideration or decision of this case.

Appeal by defendant from *Sharp, Special Judge,* at 15 May, 1950, Extra Civil Term of Mecklenburg.

Civil action to recover on standard policy of insurance for damage to plaintiff's automobile, by reason of collision or upset.

These facts appear to be uncontroverted:

Defendant, a mutual insurance company, in consideration of a certain premium, issued to plaintiff a standard automobile policy of insurance against loss or damage to a certain automobile, *inter alia,* by collision or upset during the period 15 February, 1949, to 15 August, 1950.

The declarations set forth in the policy in pertinent part are these:

"Item 3: In consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy, the company agrees to pay . . . damage to the automobile . . . sustained during the policy period with respect to . . . B 1 Collision or upset, actual cash value less $100.00 . . ." "Item 4: Description of the automobile and facts respecting its purchase by the insured: . . . 1949 . . . Kaiser . . . 4-door sedan . . . Actual cost when purchased including equipment $2794. Purchased—Month, year: M. Feb. Y. 1949. New or used: New . . ."

The policy also has these provisions:

"14. Fraud and Misrepresentation

"This policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

"16. Declarations

"By acceptance of this policy the insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

And within the period covered by the policy the automobile therein described was involved in collision near the town of Corbin, Kentucky, and was damaged.

Defendant, answering the complaint of plaintiff, admits that it issued the said policy of insurance. And, for further answer and defense, averred that it was induced to do so, relying upon the representations made by plaintiff that the automobile had "shortly theretofore been purchased for cash at a total cost $2794.00," and that "said vehicle was new, not having been previously owned by anyone other than the manufacturer and seller;" that these representations were false, and materially affected the transaction; and that by reason of such misrepresentation of material facts by plaintiff, said policy of insurance is void, and, hence, plaintiff is not entitled to recover in this action.

Plaintiff, replying, denies in material aspect the averments of defendant, and alleges the immateriality of the matters of defense so set up by defendant.

Both plaintiff and defendant offered evidence in respect of their respective contentions.

The case was submitted to the jury on these issues:

"1. Did the plaintiff falsely misrepresent to the defendant, in applying for the insurance policy on the Kaiser automobile described in the Complaint, that said automobile was new and/or that he had paid $2,794.00 for said car?

"2. If so, was such misrepresentation a material one, or fraudulently made?

"3. What was the reasonable cost of repairs of the automobile of the plaintiff, occasioned by the collision referred to in the complaint?"

Defendant excepted to the submission of these issues.

The jury answered the first issue in the negative, and the third in a stated amount.

To the signing of judgment in favor of plaintiff, on verdict returned, defendant excepted, and appeals to the Supreme Court and assigns error.

*Jones & Small for plaintiff, appellee.*
*Smathers & Carpenter and James L. DeLaney for defendant, appellant.*

WINBORNE, J.   Defendant's assignments of error based on exceptions to denial of its motion, aptly made, for judgment as of nonsuit are not well taken.   Defendant, having (1) admitted the issuance of the policy of insurance on which plaintiff bases his action, and (2) set up in avoidance the defense that the issuance of the policy was procured by the false representations of plaintiff in the respects averred, has the burden of proof on the issues thereby raised.   The burden of proof is on the party holding the affirmative.   *Wilson v. Casualty Co.,* 210 N.C. 585, 188 S.E. 102; *In re Atkinson,* 225 N.C. 526, 35 S.E. 2d 638.   And judgment of nonsuit will not be granted in favor of one on whom rests the burden of proof.   Moreover, in the record on the appeal, there is no request for a directed verdict.

But the first issue submitted to the jury in the trial court is, in the use of the term "and/or," ambiguous and uncertain, and, hence, the verdict thereon is insufficient to support the judgment rendered.

While defendant's exception to the issues is general, and does not point to the use of the term "and/or" so used, its exception No. 21 to a portion of the charge does bring it into focus.   The following is the portion of the charge to which this exception No. 21 relates:

"If the defendant has failed to satisfy you that the plaintiff falsely misrepresented to the defendant, in applying for the insurance policy, that such automobile was new and/or that he paid $2794.00 for the car, it would be your duty to answer the issue No."

Moreover, the exception to the judgment rendered raises the question as to whether error in law appears upon the face of the record, *Culbreth v. Britt,* 231 N.C. 76, 56 S.E. 2d 15, and cases there cited.   See also *Greensboro v. Black, ante,* 154; *Hoover v. Crotts, ante,* 617.   Indeed, the appeal itself is considered an exception to the judgment and any other matters appearing upon the face of the record.   *Dixon v. Osborne,* 201 N.C. 489, 160 S.E. 579; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22, and numerous other cases.   And the record, in the sense here used, refers to the essential parts of the record, such as the pleadings, verdict and judgment.   See *Thornton v. Brady,* 100 N.C. 38, 5 S.E. 910, and citations of it as shown in Shepard's North Carolina Citations.   And where error is manifest on the face of the record, even though it be not the subject of an exception, it is the duty of the Court to correct it, and it may do so of its own motion, that is *ex mero motu.*   G.S. 7-11, formerly C.S. 1412, Rev. 1542, Code 957, and R.C. Ch. 33, sec. 6.   *Thornton v. Brady, supra.* *Carter v. Rountree,* 109 N.C. 29, 13 S.E. 716; *S. v. Ashford,* 120 N.C. 588, 26 S.E. 915; *Appomattox Co. v. Buffaloe,* 121 N.C. 37, 27 S.E. 999; *S. v. Truesdale,* 125 N.C. 696, 34 S.E. 646; *Griffith v. Richmond,* 126 N.C. 377, 35 S.E. 620; *Wilson v. Lumber Co.,* 131 N.C. 163, 42 S.E. 565; *Ullery v. Guthrie,* 148 N.C. 417, 62 S.E. 552; *Moreland v. Wam-*

*boldt,* 208 N.C. 35, 179 S.E. 9; *In re Will of Roediger,* 209 N.C. 470, 184 S.E. 74; *Smith v. Smith,* 223 N.C. 433, 27 S.E. 2d 137.

A judgment, in its ordinary acceptation, is the conclusion of the law upon facts admitted or in some way established, and, without the essential fact, the Court is not in a position to make final decision on the rights of the parties. *Sedbury v. Express Co.,* 164 N.C. 363, 79 S.E. 288; *Durham v. Hamilton,* 181 N.C. 232, 106 S.E. 825, 30 Am. Jur. 821, Judgments, sec. 2. A judgment must be definite. 49 C.J.S. 51. And while a verdict is not a judgment, it is the basis on which a judgment may or may not be entered. 49 C.J.S. 28, Judgments 4. Hence a verdict should be certain and import a definite meaning free from ambiguity. *Wood v. Jones,* 198 N.C. 356, 151 S.E. 732. See also *In re Will of Roediger, supra; Edge v. Feldspar Corp.,* 212 N.C. 246, 193 S.E. 2; *Cody v. England,* 216 N.C. 604, 5 S.E. 2d 833.

In the *Edge case, supra,* the issue as framed was whether a certain provision was omitted from the deed in suit "by material mistake or by the fraud of the grantee." The jury answered "yes." And this Court held that the verdict is uncertain or ambiguous; that it is in the alternative; and that its inconclusiveness necessitated another trial. Compare *S. v. Williams,* 210 N.C. 159, 185 S.E. 661. Moreover, the use of the term "and/or" has not escaped the attention of this Court. *Freeman v. Charlotte,* 206 N.C. 913, 174 S.E. 453; *S. v. Ingle,* 214 N.C. 276, 199 S.E. 10; *S. v. Mitchell,* 217 N.C. 244, 7 S.E. 2d 567.

In the *Freeman case, supra,* on appeal from an order restraining a special election, the Court, in affirming the order, had this to say:

"It is observed that the approval of the State School Commission, as provided by Section 17, Chapter 562, Public Laws of 1933, nowhere appears of record; and further that the use of words 'and/or' in said section adds nothing to its clarity if it does not create an ambiguity as to who shall request the tax levying authorities to call the election."

*S. v. Ingle, supra,* is an appeal by the State from a special verdict finding defendant "not guilty" of the charge of "carrying on the Plumbing and/or Heating Contracting business, without having obtained a license to carry on the business of Plumbing and Heating Contracting in this State." In finding no error, this Court said: "While there was no motion to quash the warrant, it may not be amiss to observe that it charges the defendant with 'carrying on the Plumbing and/or Heating Contracting business'—(citing cases). The use of 'and/or' in the warrant adds nothing to its clarity." Citing *Freeman v. Charlotte, supra.*

And in *S. v. Mitchell, supra,* reversing a special verdict finding defendant guilty "of practicing or offering to practice, entering into or carrying on the plumbing and/or heating contracting business" the Court con-

cluded with the piercing question, "Of what crime does he stand convicted?", citing *S. v. Ingle, supra.*

Thus the Court has inferentially condemned the use of the term "and/or" in statutes, and in verdicts in judicial proceedings.

Moreover, the annotators of reported cases, and the text writers indicate that much has been written in condemnation of the term "and/or." It is declared, in effect, that the courts generally hold that the term "and/or" has no place in judicial proceedings,—pleadings, verdict or judgment. See Annotations 118 A.L.R. 1367, and 154 A.L.R. 866, on subject "And/or"; also, 3 C.J.S. 1069, and Words and Phrases, Perm. Ed. 3, p. 450.

In fine, issues should be couched in words of clear and certain meaning. For error indicated, let there be a

New trial.

JOHNSON, J., took no part in the consideration or decision of this case.